## Laverty *versus* Vanarsdale *et al.*

1. Where an action is brought against more than one for a wrong done, in order to recover against all a combination or joint act of all must be proved.

2. If it turn out on the trial that one only was concerned, the plaintiff may recover as if such one had been sued alone.

3. The conspiracy is nothing as to the sustaining the action, the foundation being the actual damage done to the plaintiff.

65 507
168 491
65 507
d198 567
65 507
200 155
65 507
25 SC 114

May 12th 1870. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Cumberland county*: No. 63, of May Term 1870.

This was an action on the case, brought August 22d 1868, by Jesse Laverty against Joseph Vanarsdale and ten others, for conspiracy, and injuring him in his business as a school teacher.

The allegation of the declaration was, that the plaintiff was a

[Laverty *v.* Vanarsdale.]

good teacher, and that his reputation was such that he had long been employed as a teacher in a public school in East Pennsborough township, and that the defendants, for the purpose of preventing his being engaged for another year, wilfully and maliciously prepared, signed and induced others to sign a petition representing that he was unfit for a teacher, which having been presented to the school directors, prevented his employment as a teacher at the school, and otherwise injured his reputation as a teacher.

The case was tried January 19th 1870, before Graham, P. J. There was evidence that Vanarsdale had stated to different persons that the plaintiff had whipped a son of John Pretz severely, and had beaten his head against the floor, &c. The plaintiff was examined, and gave evidence to sustain his case. He stated that there was no truth in Vanarsdale's statement that he had abused Pretz's son, and gave his account of a difficulty that there been between young Pretz and another boy in the school. The defendants called John Siever, a scholar, and proposed to ask him to tell about the transaction as to the difficulty with Pretz's son, as described by the plaintiff, for the purpose of contradicting him. Plaintiff objected to the offer, it was admitted and a bill of exceptions sealed.

The witness testified that he and the plaintiff's son had been out of school together during recess; that the son committed some offence; that the witness told the plaintiff that it was not he, witness, that did it; that the plaintiff would not listen to him, but commenced kicking him.

Much testimony was given on both sides.

The plaintiff's 1st and 3d points and their answers were:—

1. To make a conspiracy does not require any actual meeting together for a common purpose; but if the parties charged, each separately contributed to a common purpose, and the object of that purpose is to injure one person improperly and without sufficient grounds, it is in law a conspiracy, and if the jury believe that the defendants are guilty in any of them of thus uniting with each other, the plaintiff is entitled to recover.

Answer: " The law is correctly stated in this point, except that the evidence must satisfy you that two or more of the defendants contributed to the common purpose mentioned in this point. You cannot find one defendant alone guilty of a conspiracy. It requires two or more to join in a common purpose to injure another improperly and influenced by improper motives."

3. If any one of these defendants was actuated by a private and malicious feeling influencing his own action, and he induced others to give him their countenance and aid, to the injury of the plaintiff, the party so acting is liable, and the plaintiff may recover as against him.

[Laverty *v.* Vanarsdale.]

Answer: "We cannot instruct you as requested in this point. There can be no recovery against one only. To justify a verdict for the plaintiff, the evidence must satisfy you that two or more of the defendants joined in the enterprise through feelings of animosity, hatred, ill will, or revenge for a real or supposed injury. If they acted through proper motives there can be no recovery."

In his general charge Judge Graham said:—

" To constitute a conspiracy in this case, it is necessary that the defendants, or two or more of them, should have been influenced and prompted by malice, envy, hatred or revenge to injure, harass or aggrieve the plaintiff; but if their actions were not induced by improper and malicious motives, there can be no recovery."

The verdict was for the defendants.

The plaintiff took out a writ of error, and assigned for error the admission of Siever's testimony; the answers to his points, and the part of the charge given above.

*J. Hays, W. M. Penrose* and *L. Todd,* for plaintiff in error. —An action on the case in the nature of a conspiracy will lie against one, or if brought against many all may be acquitted but one: Fitz. Nat. Brev. 114 D. 116 A. K.; Skinner *v.* Gunton, 1 Saund. Rep. by Williams 228 c., n., 4, p. 230; Savill *v.* Roberts, 1 Ld. Raym. 378; Muriel *v.* Tracy, 6 Mod. 169; Pollard *v.* Evans, 2 Show. 50; Jones *v.* Baker, 7 Cowen 445; Eason *v.* Westbrook & Garland, 2 Taylor (N. C.) 267; Burton *v.* Fulton, 13 Wright 151; Haldeman *v.* Martin, 10 Barr 369; Hood *v.* Palm, 8 Id. 237. The examination of plaintiff as to the abuse was purely collateral, his answer is conclusive: 1 Starkie on Ev. 337, 338, 200, 201, and notes; Griffith *v.* Eshelman, 4 Watts 51; Smith *v.* Dreer, 3 Whart. 154; 1 Stark. 241, n.

*H. Newsham, S. Hepburn, Jr., W. H. Miller* and *S. Hepburn,* for defendants in error.

The opinion of the court was delivered, July 7th 1870, by

READ, J.—This is an action upon the case, in the nature of a conspiracy against the defendants, for falsely and maliciously combining and conspiring to prevent the plaintiff from obtaining employment as a school teacher, and by reason of which combination and conspiracy he was deprived of employment as a school teacher, and prevented from earning support for himself and family as such. The damage sustained by the plaintiff is the ground of the action, not the conspiracy. " Where the action is brought against two or more, as concerned in the wrong done, it is necessary, in order to recover against all of them, to prove a combination or joint act of all. For this purpose it may be important to establish the allegation of a conspiracy. But if it turn out on the trial that only one was concerned, the plaintiff

[Laverty *v.* Vanarsdale.]

may still recover, the same as if such one had been sued alone. The conspiracy or combination is nothing, so far as sustaining the action goes, the foundation of it being the actual damage done to the party :" Hutchins *v.* Hutchins, 7 Hill 104 ; Jones *v.* Baker,7 Cowen 445 ; Parker *v.* Huntington, 2 Gray 124.

The court was therefore . clearly in error in saying there could be no recovery against one only.

There was also error in the admission of the evidence mentioned in the 2d assignment of errors.

Judgment reversed, and *venire de novo* awarded.