# E. D. RUNDELL v. KALBFUS & JONES.

ERROR TO THE COURT OF COMMON PLEAS OF BRADFORD
COUNTY.

Argued March 19, 1889—Decided March 25, 1889.

[To be reported.]

1. In an action against two or more, in case in the nature of a conspiracy, if the tort be actionable whether committed by one or more, recovery may be had against but one; but if the tort be actionable only when committed by two or more, recovery may not be had unless the unlawful conspiracy be established: Collins v. Cronin, 117 Pa. 35.

2. If a defendant, impleaded with others in an action for conspiracy, while acting as the agent of plaintiffs to buy hay for them turned over the hay when bought with plaintiff's money to his co-defendants, he was acting in bad faith and recovery may be had against him alone for the loss sustained thereby.

3. "If the declaration had been printed we could have formed an intelligent opinion as to whether the tort in this case was of such a nature that all the defendants must have participated therein. It is becoming a too common practice to omit the pleadings from the paper books of the plaintiff in error; in all such cases we must assume that they sustain the verdict:" per Mr. Chief Justice PAXSON.

4. Where in an action for conspiracy against plaintiffs' agent and two others, a former recovery in assumpsit by the agent's co-defendants alone against the plaintiffs in the action of conspiracy where such recovery is pleaded, will not avail as a plea in bar, the record showing that not only the cause of action but the parties were not the same.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 370 January Term 1888, Sup. Ct.; court below, No. 594 September Term 1886, C. P.

On January 28, 1886, a summons issued "in an action on the case for conspiracy," wherein Joseph Kalbfus, C. F. Jones and Levi Welles, trading as Kalbfus & Jones, were plaintiffs, and E. J. Billings, U. M. Fell and E. D. Rundell, defendants. The paper books did not present the plaintiffs' declaration, but showed that on September 8, 1886, the defendants pleaded, not guilty.

Statement of Facts.

At the trial on April 9, 1887, the defendants by leave of court added the plea of former recovery, when the cause proceeded showing in outline the facts following:

On January 5, 1885, an agreement in writing was executed between E. D. Rundell and Kalbfus & Jones, whereby Rundell was to buy hay on joint account with Kalbfus & Jones, on the following terms: Rundell was to do all the work of buying and loading on the cars, Kalbfus & Jones to have control of the selling and the general management of the business; after cost of hay, $2.25 per ton for bailing, and traveling expenses incurred by either party, were deducted from the gross receipts, the balance was to be divided, one third to Rundell and two thirds to Kalbfus & Jones: neither party should work with, or make any similar arrangement with any other parties; Kalbfus & Jones were to furnish the money for purchasing the hay, each party to guarantee the collection of sales made by them.

Kalbfus & Jones advanced to Rundell $1,000 to buy hay under this arrangement. E. J. Billings and U. M. Fell, trading as Billings & Fell, were also engaged in the business of buying hay at the time of this contract.

Levi Lewis, one of the plaintiffs, called:

Offer: We offer to prove by this witness that on or about the 1st of May there was a sudden rise in the price of hay, at which time their agent, Rundell, had on hand and had purchased for the plaintiffs a large quantity of hay, and that as soon as the rise came he turned that hay wrongfully over to Billings & Fell, with knowledge on the part of Billings & Fell that Rundell was buying for the plaintiffs, and that this was hay that he had bought for the plaintiffs, Kalbfus & Jones.

Defendants' counsel: We object to all evidence at this time as to a rise in the value of hay as immaterial, and further, that in any stage of proof such evidence is immaterial, because it constitutes no proper measure of damage.

By the court: Objection overruled, evidence admitted.[3]

The testimony of the witness supported the offer, and other testimony was adduced to the same effect.

The defendants introduced testimony from which it was claimed that Rundell had paid out in purchase money for hay delivered to Kalbfus & Jones, and expenses, $1,259.97; that Kalbfus & Jones failed to bail hay contracted for by Rundell

as rapidly as required, and, in consequence of this default, Rundell was unable to purchase for them and therefore made contracts in his own name and transferred them to Billings & Fell; that the matter was explained to Kalbfus & Jones, and they assented to it, and as part of the transaction in which this assent was expressed, they purchased certain hay from Billings & Fell; that on their failure to pay for this hay Billings & Fell brought an action in assumpsit against Kalbfus & Jones for the price of it, to No. 224 September Term 1886, in which action Kalbfus & Jones set up as a defence the conspiracy alleged to sustain this suit, but failed therein.

At the close of the testimony the court, MORROW P. J., after reviewing the plaintiffs' testimony, charged the jury as follows:

The plaintiffs claim and allege that there was a false and malicious conspiracy on the part of Rundell and Billings & Fell, to cheat and defraud them, the plaintiffs, by Rundell's turning over to Billings & Fell the hay which he had purchased for Kalbfus & Jones, and that there was a motive for such a conspiracy, in the fact that the price of hay had advanced. They also claim, as set forth in the second count of their declaration, that Billings & Fell fraudulently induced Rundell, the agent of Kalbfus & Jones, to deliver to them hay that he had bought for Kalbfus & Jones, some of which they claim that he had paid for with Kalbfus & Jones' money. So far as all the defendants are concerned, the question of conspiracy stands out in front, and there can be no recovery against them, unless you find a wicked and unlawful conspiracy on their part to cheat and defraud and injure Kalbfus & Jones. A conspiracy is a false and malicious combination and agreement, not necessarily in words, but by operating together, to cheat and defraud or injure. They must either by agreement or understanding operate together in such a way as to result in injuring Kalbfus & Jones, or else your verdict must be for the defendants. You cannot give a verdict for the plaintiffs unless you find from the evidence that there was a false and malicious combination and conspiracy, on the part of these defendants, to injure Kalbfus & Jones by turning over and delivering the hay to Billings & Fell, or a combination to induce Rundell to leave

Charge of Court below.

the employment of the plaintiffs, by which they suffered loss. You have heard the evidence of the plaintiffs as to the declarations which they allege Rundell made at the time he was buying some of this hay, to the effect that he was purchasing for them, the plaintiffs, and you have heard Mr. Rundell's testimony in denial or explanation of these declarations. I think he testifies that he did not, in any particular case, say that he was buying that particular hay for Kalbfus & Jones.

On the part of the defendants it is claimed, and they have given evidence tending to prove, that Rundell bought more hay for Kalbfus & Jones than they could handle; that they could not, or did not take care of it as fast as he bought it, and that, for his own profit, and without any intentional or actual injury to them, and without any wrong or dishonest purpose or combination, he did buy hay for Billings & Fell. If you find that Billings and Fell were acting honestly in this matter, and that there was no combination between them and Rundell, then there could be no conspiracy in this case. But if they did combine with Rundell to leave the employment of Kalbfus & Jones, and to turn over to them, the defendants, the hay which they had purchased for Kalbfus & Jones, then that would be a conspiracy. There is also evidence on the part of the defendants, that no part of the hay which Rundell had bought for Kalbfus & Jones was turned over to Billings & Fell. They also claim that when Welles bought the carload of hay at Troy, he agreed that that should settle all matters between them, and that he at that time had a full knowledge of just what Rundell had been doing. If that is true, that would be an end to the plaintiffs' claim on that ground, although Rundell had done all that they claim, before that. Mr. Welles, on the other hand, denies that there was an agreement of settlement at that time. If you should find that there was no conspiracy, or that there was a settlement, as claimed by the defendants, then your verdict should be for the defendants. If, however, you find that there was such a conspiracy as we have described, and that the plaintiffs were damaged thereby, then you would be justified in finding a verdict in their favor for the amount of such damage.

[If you find for the plaintiffs, and are unwilling, under the evidence, to find against all the defendants, then you might

find a verdict against any one of the defendants.] [1] The rule of law in such a case is stated by the Supreme Court in the case of Laverty v. Vanarsdale, 65 Pa. 509: "This is an action upon the case in the nature of a conspiracy against the defendants, for falsely and maliciously combining and conspiring to prevent the plaintiff from obtaining employment as a school teacher, by reason of which combination and conspiracy he was deprived of employment as a school teacher, and prevented from earning support for himself and family as such. The damage sustained by the plaintiff is the ground of the action, not the conspiracy. Where an action is brought against two or more, as concerned in the wrong done, it is necessary, in order to recover against all of them, to prove a combination, or joint act of all. For this purpose it may be important to establish the allegation of a conspiracy. But if it turn out on the trial that only one was concerned, the plaintiff may still recover, the same as if that one had been sued alone. The conspiracy or combination, is nothing, so far as sustaining the action goes, the foundation of it being the actual damage done to the plaintiff." If you find for the defendants, that is an end of the case. If you find in favor of the plaintiffs, against any or all of the defendants, then we desire you to find, specially, certain facts to which we will now call your attention.

[The court here read and explained the form of a special verdict to the jury.]

If you find in favor of the plaintiffs your verdict should be for such an amount as you find that they have actually been damaged by the wrongful conduct and combination of the defendants. In regard to this special verdict, you will understand that you are not to be bound in your finding by any of the facts here stated, unless they are established by the evidence, and of that you, and not the court, are to be the judges.

The jury returned the following verdict:

We find for plaintiffs $552, against E. D. Rundell; and our verdict is in favor of the other defendants, Billings and Fell.

And we find specially that in the suit of Billings and Fell against Kalbfus & Jones in this court, No. 224 September Term 1886, the claim of the plaintiffs was for a quantity of hay sold by them to Kalbfus & Jones, at Troy, about the 12th

Charge of Court below.

day of May, 1885, a carload; that the case was arbitrated, and an award for the plaintiffs for $322.40; July 14, 1886, the defendants appealed, and afterwards, to wit, December 10, 1886, under an offer of judgment for the amount of the award, with interest, which offer was accepted by Billings & Fell, said judgment was entered December 10, 1886, for $329.98. The record and file in said No. 224 September Term 1886, are made part of this verdict.

We further find that on the trial before arbitrators, the defendants, under objection, gave in evidence by way of defence, a contract tending to show that E. D. Rundell, one of the defendants in the case now being tried, was engaged by Kalbfus & Jones to purchase hay for them according to an agreement bearing date January 5, 1885, which agreement is made part of this verdict. That said agreement was offered in evidence by Kalbfus & Jones, but was not admitted by the arbitrators.

We further find that on the arbitration, Kalbfus & Jones did not deny the purchase by them of the hay in the car at Troy, nor did they deny they agreed to pay for it $21 per ton; but they made defence by showing, under objection, that there was a conspiracy between Rundell, Billings and Fell, by which they were defrauded and cheated; that Rundell was their agent to buy hay and straw; that they furnished him money to buy the same, to wit, the sum of $1,000; that he did purchase a large quantity of hay; that he, Billings and Fell, fraudulently conspired and combined together to turn over to Billings & Fell a portion of the hay and straw he had bought for them, Kalbfus & Jones; that in pursuance of this conspiracy, he did turn over and deliver to said Billings & Fell large quantities of Kalbfus & Jones' hay and straw, including a portion of the hay in the car at Troy, purchased by Welles for Kalbfus & Jones as aforesaid, by which they were damaged.

We further find that the evidence in part given before the arbitrators is the same as given on this trial, and relates to the same subject matter.

Did the arbitrators find there was no conspiracy? Yes.

If the court is of opinion that under these facts the plaintiffs are entitled to recover, then to enter judgment on our verdict. If the court is of opinion the plaintiffs cannot recover, then to enter judgment for the defendant.

On November 25, 1887, the court, MORROW, P. J., a rule for judgment on the verdict having been argued, filed an opinion ruling that the recovery in Billings & Fell v. Kalbfus & Jones, No. 224 September Term 1886, was not a bar to the plaintiff's recovery in this case, and directed judgment to be entered on the verdict in favor of the plaintiffs.[2] Judgment having been entered against the defendant, E. D. Rundell, for $552, he took this writ and assigned as error:

1. The part of the charge embraced in [ ] [1]
2. The order directing judgment on the special verdict.[2]
3. The admission of plaintiffs' offer.[3]

*Mr. John F. Sanderson*, (with him *Mr. John N. Califf*), for the plaintiff in error:

1. Under the facts ascertained by the jury, there was no cause of action against Rundell recoverable in an action ex delicto. The verdict in favor of Billings and Fell established that there was no fraudulent agreement and combination between the three co-defendants to defraud the plaintiffs. This finding deprives the case of every element of fraud, and puts the plaintiffs upon their contract with Rundell as the sole basis of their claim. But a breach of the contract cannot support an action in tort: Pollock on Torts, 4. As to Rundell, therefore, there can be no recovery at all, as the case contains no substantial element of injury save a breach of contract, and there is no claim in the declaration that will sustain the application of the doctrine of Laverty v. Vanarsdale, 65 Pa. 507.

2. The judgment is erroneous, because it is not sustained by the record. The action is a joint action. Billings and Fell are still parties to it. It is an elementary principle that there cannot be a several assessment of damages in a joint action, for the judgment must be single and the recovery and satisfaction must be the same: Leidig v. Bucher, 74 Pa. 65. Moreover, the cause of action alleged in the declaration is res adjudicata. It was set up as a defence in the suit of Billings & Fell v. Kalbfus & Jones, and the judgment in that suit merged both the grounds of action and the grounds of defence; they became res adjudicata: Philadelphia v. Girard, 45 Pa. 29; Rockwell v. Langley, 19 Pa. 509; Bower v. Tallman, 5 W. & S. 556; Muirhead v. Kirkpatrick, 2 Pa. 425; Marsh v. Pier, 4 R. 273.

3. The special verdict will not sustain a judgment. A verdict must be either general or special: it cannot be both, or general as to part of a case, and special as to another part: Wallingford v. Dunlap, 14 Pa. 31. Whatever is not found in a special verdict is considered as not existing: Thayer v. U. B. Society, 20 Pa. 60 ; it must contain all the facts upon which the judgment is to rest. Moreover, no rule was stated by which the jury were to ascertain the amount of damages, and as to the defendant, Rundell, this failure was particularly injurious.

*Mr. I. McPherson* (with him *Mr. E. G. Angle, Mr. H. N. Williams, Mr. N. C. Elsbree, Mr. R. H. Williams* and *Mr. J. T. McCollum*), for the defendants in error :

1. The jury have fixed by their verdict that Rundell turned over and transferred to Billings & Fell large quantities of hay which he had purchased for the plaintiffs, because of the greater profit he was to receive. This was bad faith and a fraud, as a purchasing agent cannot purchase for himself: Story on Agency, 217, 229, 230, 235, 240, 293–5 ; Musser v. Hyde, 2 W. & S. 314 ; Millingar v. Hartupee, 53 Pa. 362. Applying the principles of these authorities to the facts of this case, the plaintiffs had a good cause of action in tort against Rundell.

2. If Billings and Fell knew of Rundell's agency for plaintiffs, or that the hay they received from him had been bought for plaintiffs, then they were parties to the wrong; but the jury finding that neither of them were parties to the wrong, then the principle of Laverty v. Vanarsdale, 65 Pa. 509, prevails: "Where the action is brought against two or more as concerned in the wrong done, it is necessary in order to recover against all of them, to prove a joint act or combination of them all. For this purpose, it may be important to establish the allegation of a conspiracy. But if it turn out on the trial that only one was concerned, the plaintiff may still recover the same as if such one had been sued alone. This doctrine has recently been reaffirmed in Collins v. Cronin, 117 Pa. 35.

3. It was to put the court in full possession of the facts concerning the alleged former recovery, that the jury were directed to find specially all the facts tendered by the issue. The jury

passed upon these facts, disputed and undisputed, bearing upon the special plea. The record shows that upon the general issue there was a verdict for the plaintiffs, and on the special plea the facts were specially found, substantially as set out in the plea. The court properly treated them as the defendant's plea, and as if demurred to by the plaintiffs, and being of the opinion that they did not constitute a bar, directed judgment to be entered on the verdict. This action is fully sustained by Tams v. Lewis, 42 Pa. 402.

4. In pleading a former recovery, it is essential that it should appear to have been, not only for the same cause of action, but between the same parties: Hampton v. Broom, 1 Miles 241; Peterson v. Lothrop, 34 Pa. 228. Moreover, a judgment does not conclude anything incidentally arising in the trial in which it was recovered, nor does it conclude a matter immaterial to it, and which could not have been legitimately tried: Tams v. Lewis, 42 Pa. 402; Hibshman v. Dulleban, 4 W. 183; Schriver v. Eckenrode, 87 Pa. 215; Kane v. Fisher, 2 W. 246; Finley v. Hanbest, 30 Pa. 190. The record pleaded in this case is in form ex contractu. On the trial of the issue involved in it, the defendants could not set off or recoup any damages except such as arose out of the same transaction as that on which suit was brought: Gogel v. Jacoby, 5 S. & R. 117.

OPINION, MR. CHIEF JUSTICE PAXSON:

The first assignment alleges that the court below erred in instructing the jury that they might find a verdict against one of the defendants and in favor of the others. If this instruction was erroneous it has not been made to appear. The action below was for a tort in the nature of a conspiracy. The declaration is not printed in the paper books; hence we can gather no information from it. In a prosecution for a conspiracy the combination is of the gist of the offence, and if that is not proved there can be no conviction. The offence is complete when the conspiracy is formed. In a civil suit for damages the rule is different. In the latter case, the mere combination injures no one, and, unless there is something done in pursuance thereof, I apprehend no action would lie. The rule is thus laid down in our latest case upon this subject, Collins v. Cronin, 117 Pa. 35 : "In an action against two or more, in case in the

nature of a conspiracy, if the tort be actionable whether committed by one or more, recovery may be had against but one; but if the tort be actionable only when committed under an unlawful conspiracy of two or more, recovery may not be had unless the unlawful conspiracy be established." If the declaration had been printed we could have formed an intelligent opinion as to whether the tort in this case was of such a nature that all the defendants must have participated therein. It is becoming a too frequent practice to omit the pleadings from the paper book of the plaintiff in error. In all such cases we must assume that they sustain the verdict.

The second assignment alleges that the court erred in entering judgment against the defendant below upon the special verdict. The jury found a general verdict against the defendant for $552. They also, at the request of the court, found certain facts specifically. The court entered judgment in favor of plaintiffs upon the verdict. In this we see no error. This was an action brought by the plaintiffs against the defendant to recover damages for a breach of his duty to them as agent. If the defendant, while acting as the agent of plaintiffs to buy hay for them, turned over the hay when bought for them and with their money, to the firm of Billings & Fell, after a rise in the market price of the hay, for the purpose of getting larger commissions, or for any reason, he was acting in bad faith and would be liable to his employers for any loss they sustained thereby. The plea of a former recovery was of no importance and might well have been demurred to. It related to a suit to which the defendant was not a party. We see nothing in the record of that suit, so far as it was presented, to prevent a recovery by the plaintiffs in this suit against their agent for a fraud committed by him. The third assignment was to the admission of evidence. It is not in accordance with our rules and will not be considered. The remaining assignments are not important.

                                    Judgment affirmed.