A. J. Fillman *v.* John S. Ryon, C. C. Ward and L. W.
Fenton. John S. Ryon, Appellant.

*Trespass—Conspiracy—Extortion—Amendment—Statute of limitations.*

Where an action is brought against more than one for a wrong done,
a combination or joint act of all must be proved in order to recover
against all; but if it turns out on the trial that one only was concerned,
the plaintiff may recover as if such one had been sued alone, and in such
case the conspiracy is nothing as to sustaining the action, the foundation
being the actual damage done to the plaintiff.

*Conspiracy to extort money—Arrest—Amendment.*

Defendant and two other persons were sued as co-conspirators in an
executed scheme to extort money from plaintiff by means of his arrest
and detention on the charge of embezzlement. More than six years after
the cause of action arose, the declaration was amended so as to remove
therefrom the element of conspiracy, and the case was so proceeded in
that it resulted in a judgment against one of the defendants for the money
alleged to have been extorted, and in a judgment in favor of the other
codefendants. *Held,* that the amendment did not prejudice the defendant
against whom judgment was recovered, as the essence of the complaint
in the declaration was the extortion, and the amendment was not neces-
sory to authorize or sustain the judgment.

*Duress—Imprisonment—Extortion.*

To constitute duress by imprisonment the latter must be unlawful, or
there must be an abuse of, or an oppression under, lawful process or legal
detention. If there is an arrest for a just cause, but for an unlawful pur-
pose, the party arrested, if he is thereby induced to part with his money,
may recover it back in an action of trespass as having been procured from
him by duress.

Argued May 1, 1894. Appeal, No. 242, Jan. T., 1894, by
defendant, from judgment of C. P. Tioga Co., Nov. T., 1887,
No. 302, on verdict for plaintiff. Before STERRETT, C. J.,
GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Trespass to recover damages for a wrong done to plaintiff by an executed scheme to extort money from him by means of his arrest.

The case was referred to S. F. Channell as referee under the local act of Feb. 23, 1870, P. L. 219.

The referee reported the facts to be as follows:

" From the evidence produced, the referee finds that this claim arose from a transaction which occurred on the 23d day of April, 1886. The action was commenced on the 31st day of October, A. D. 1887, and the plaintiff's statement was filed on Aug. 27, 1888. On Dec. 17, 1892, and more than six years after the cause of action arose, the plaintiff, by leave of the court, filed an amended statement of his claim by which he claimed damages from the defendants for obtaining from him, under duress, money and valuable security to the amount and value of $387, and for damages in being deprived of his personal liberty.

" At the trial before the referee, the attorneys for the plaintiff made no claim for any damages by reason of the plaintiff having been deprived of his personal liberty, or for the humiliation and the like occasioned by the arrest to which he had been subjected, but demanded damages only for the value of that which they alleged they should show the plaintiff had paid to the defendants, or one of them, under duress, with interest.

" For about four years prior to April 3, 1886, the plaintiff, A. J. Fillman, was in the employ of John S. Ryon, one of the defendants, in conducting for him a store and market at Elkland, Pa.

" At about that date the plaintiff and said Ryon settled, and they agreed there was due plaintiff from said Ryon, for such service, the sum of $373.55, and said Ryon paid plaintiff that day, to apply thereon, $100, and on the 21st day of the same month paid him another $100, to apply thereon, and also gave him his duebill for the balance of about $173.

" On April 23d, of the same month, the said Ryon, defendant, made an information before C. C. Ward, Esq., then a justice of the peace at Elkland, Pa., and one of the defendants in this case, in which he charged the plaintiff, under the 107th section of the act of March, 1860, with having, while in his employ, as above stated, feloniously taken from him money, upon which

information he procured the said C. C. Ward to issue a criminal warrant for the arrest of the plaintiff, and by him it was delivered to L. W. Fenton, then a constable at Elkland, and now one of the defendants in this case, for execution.

" Upon this warrant the said Fenton arrested the plaintiff and took him to the office of the said justice, which was also the office of the said Ryon, at about 10:30 o'clock in the forenoon. There they found the said justice and the defendant Ryon and two or three other persons.

" Soon after the plaintiff was brought in, the justice inquired of him if he desired an attorney, and said to him that if he desired one he was entitled to time to get one. The plaintiff failed to signify a desire for an attorney, and the justice read the information to him, explaining that it was a somewhat serious charge, and inquired if he was guilty, to which he responded that he was not.

" Soon thereafter the justice left the office, and as soon as he left, or a little before, the outside door of the office was locked, but by whose suggestion it is not certain, and a little before the justice left the said Fenton suggested to the plaintiff that he knew whether he was guilty or not, and that if he was he ought to settle the matter, but he advised him not to pay anything if he was not guilty. From that time the said Fenton, Fillman and Ryon entered into a general discussion of the matter which, however, largely related to how much the plaintiff should pay to the said Ryon. Ryon at first demanded of plaintiff $500, then offered to take $400, and finally accepted $200 in money and the duebill which he had given plaintiff for $170.50, he being assured that that was all the plaintiff could raise.

" Mr. Ryon stated once or twice while the conversation was being had that he could not settle the criminal prosecution, that the law would not allow him to do so, and also, soon after the plaintiff was brought in, made some statement in the nature of a threat and about his ability to send him to the penitentiary. After this had been done, and the plaintiff had signed a receipt to said Ryon in full of all demands, he was allowed his liberty at about twelve o'clock. As the parties separated it was suggested by some one of them that what had there occurred should be kept quiet.

" At one o'clock the justice returned to his office and found

the defendant, Ryon, there, and he then directed the justice to enter upon his docket record of the case that 'the prosecutor not appearing the defendant is discharged,' which was accordingly done.

"Nothing further has ever been done with the criminal prosecution, and it was not shown that prior to the arrest complained of the plaintiff had any knowledge that Mr. Ryon had such a claim against him.

"At the trial the defendants offered considerable evidence for the purpose of showing probable cause, and also some evidence for the purpose of showing actual cause for the prosecution. This evidence was objected to by the attorneys for the plaintiff, but the evidence was received by the referee conditionally, reserving the question as to its competency and legal effect.

"As to the evidence upon the question of probable cause, the referee finds that it was sufficient to establish the existence of such fact, if the case were one where the plaintiff was claiming damages for an unlawful restraint of liberty, as is usually the case.

"As to the evidence tending to establish actual cause, it was all very uncertain and unsatisfactory. It did not show that an amount as great as $370 had been misappropriated by the plaintiff, and I do not understand defendants' counsel to contend that it did. But for the sake of certainty the referee finds that the weight of evidence shows that a small amount of money and goods, ($35.00 in value,) the property of the defendant Ryon, had been taken by the plaintiff, as charged against him.

"One of the questions asked of the defendant Ryon, by his counsel, was: 'State, Mr. Ryon, whether in making that complaint you made against him you did it in good faith, believing him to be guilty as charged, or were you actuated by malice in doing it?' This question was also received by the referee under objection, reserving the question of its competency.

"The referee further finds that the prosecution was commenced by the defendant Ryon for the purpose of extorting money from the plaintiff, and that the money and duebill was paid and returned to said defendant by plaintiff under the compulsion of said prosecution, as managed by defendant, and to

be relieved therefrom; that there was such an abuse of legal process by the defendant as to constitute duress, and that the money and duebill which was obtained by said Ryon from plaintiff was obtained by duress of his person.   See Prough v. Entriken, 11 Pa. 84; Stouffer v. Latshaw, 2 Watts, 165; Work's App., 59 Pa. 448; Taylor v. Jaques, 106 Mass. 294; Osburn v. Robinson, 36 N. Y. 371; Hackett v. King, 6 Allen, 58; Adams v. Nat. Bank, 15 Am. Rep. 451.

" The counsel for the defendants contends that if the plaintiff is entitled to recover at all for the injury complained of, his remedy must be by an action of assumpsit.   He also claims that any claim that the plaintiff may have had is barred by the statute of limitations, for the reason that the plaintiff's statement, under which he claims, was filed more .than six years after the alleged cause of action accrued.

" From these facts the referee finds the following conclusions of law:

" First.  As to the question reserved on the admission of evidence offered for the purpose of showing probable and actual cause, the referee now rules that under the facts of this case such evidence was immaterial.  [4]

" Second.  As to the question reserved as to the admission of the defendant to testify as to his belief in the guilt of the plaintiff as to the matters charged against him, the referee now holds that such evidence was incompetent.   See Ramsey v. Arott, 64 Tex. 320, and note to 14 Am. & Eng. Ency of Law, 25. [5]

" Third.  The referee finds that this action is properly brought in trespass.   See 2 Hilliard on Torts, 104; Foshay v. Ferguson, 5 Hill, 154; Chase v. Dwinall, 20 Am. Dec. 354; Foster v. Weaver, 118 Pa. 42.

" Fourth.  The referee does not find that the amended narr in this case works such a change in the cause of action as to let in the bar of the statute of limitation.   The change is mainly in the statement of the mode by which the injury was effected.  [6]

" Fifth.  The referee finds from the facts that the plaintiff is entitled to recover from the defendant John S. Ryon the sum of $370.50 and interest thereon since April 23, 1886, and he finds no cause of action as to the other defendants, C. C. Ward and L. W. Fenton." [7]

Judgment was entered by the referee against defendant John S. Ryon for $536.85, and in favor of the other two defendants. Defendant, John S. Ryon, appealed.

*Errors assigned*, among others, were (4–7) referee's findings as above, quoting them; and (8) entry of judgment as above.

*James Ryon, R. K. Young* and *George W. Merrick* with him, for appellant.—It is not necessary in all cases to aver that the malicious acts complained of are without probable cause. The allegation of discharge from the arrest raises the legal presumption prima facie that the prosecution was without probable cause : Smith v. Ege, 52 Pa. 419; Madison v. Penna. R. R. Co., 147 Pa. 509; Bernar v. Dunlap, 94 Pa. 329; Emerson v. Cochran, 111 Pa. 622; Norcross v. Otis, 152 Pa. 481; Prough v. Entriken, 11 Pa. 81.

Under the amended statement in this case the allegations of bad treatment, oppression and duress bear upon the question of malice and motive : 14 Am. & Eng. Ency. of Law, 62.

The facts of actual cause, if known to the defendant, constitute for him probable cause; and if unknown to him, though not strictly admissible as showing probable cause, are admissible as bearing upon the guilt of the plaintiff; for the action of malicious prosecution is given to protect an innocent plaintiff, not a guilty one : Gilliford v. Windel, 108 Pa. 142.

The cause of action arose by the finding of fact, April 23, 1886, and the declaration was amended Dec. 17, 1892, more than six years thereafter. In amending the record we understand the practice to be that, if the amendment raises the question of limitations, it is allowed as of course without exception, and the question is raised after the evidence is in on prayers for instructions or conclusions of law as to its effect : Kaul v. Lawrence, 73 Pa. 410; Leeds v. Lockwood, 84 Pa. 70; Tyrrill v. Lamb, 96 Pa. 464; Seipel v. Extension Co., 129 Pa. 425.

By the amendment the cause or ground of the action is wholly changed or shifted. The conspiracy is eliminated. It is no longer a charge of an unlawful agreement of mind as an inference from certain acts, but the acts themselves as such, in and of themselves, become one thing averred and complained of; and a judgment is rendered against one of the three defend-

ants: Winder v. Northampton Bank, 2 Pa. 446; Reitagel v. Franklin, 5 S. & R. 33; Newall v. Jenkins, 26 Pa. 159.

An amendment which makes a substantial change in the cause or ground of action, especially if it will deprive the opposite party of a defense under the statute of limitations, is error: Royse v. May, 93 Pa. 454; Furst v. Building Association, 128 Pa. 183; Fairchild v. Dunbar Furnace Co., 128 Pa. 485.

*Jerome B. Niles, John T. Gear, Aaron R. Niles,* and *Alfred J. Niles* with him, for appellee.—The defendant's rights were not changed or interfered with in the amendment.  Bardsley v. Kern, 39 Leg. Int. 131; Caldwell v. Remington, 2 Wharton, 131; Smith v. Bellows, 77 Pa. 441; 2 Troubat & Haly's Practice, 72; Wilhelm's App., 79 Pa. 120; Seipel v. R. Co., 129 Pa. Rep. 425; Coxe v. Tilghman, 1 Whart. 287; Yost v. Eby, 23 Pa. 327; Proper v. Luce, 3 P. & W. 65; Clymer v. Thomas, 7 S. & R. 178; Steffy v. Carpenter, 37 Pa. 41; Knapp v. Hartung, 73 Pa. 290.

Where one induces another to enter into a contract and part with his property either by duress of imprisonment or duress per minas, the transaction is void and no title passes, and the party who assumes the control of property obtained by him in this way is liable to the owner in trover without a demand and refusal: 2 Hilliard on Torts, 104; Chase v. Dwinall, 20 Am. Dec. 352; Foshay v. Ferguson, 5 Hill (N. Y.), 154; Carey v. Hotaling, 1 Hill (N. Y.), 311; Hackett v. King, 6 Allen (Mass.), 58; Winebiddle v. Porterfield, 9 Pa. 137; Chapman v. Calder, 14 Pa. 369.

Though a person is arrested under a legal warrant and by a proper officer, yet if one of the objects of the arrest is thereby to extort money or enforce the settlement of a civil claim, such arrest is a false imprisonment by all who have directly or indirectly procured the same or participated therein for any such purpose; and a release or conveyance of property obtained by such means is void: Hackett v. King, 6 Allen, 58; Watkins v. Baird, 6 Mass. 506; Taylor v. Jacques, 106 Mass. 291; Grainger v. Hill, 33 Eng. Com. Law Rep. 675; 2 Hilliard on Torts, 104; Foshay v. Ferguson, 5 Hill (N. Y.), 154; Evans v. Begley, 2 Wend. 243; Cobbs v. Sowle, 24 Am. Rep. 166; Chase v. Dwinall, 20 Am. Dec. 352; Adams v. Irving Nat. Bank, 116

N. Y. 606; Mayer v. Walter, 64 Pa. 285; Schofield v. Ferrers, 47 Pa. 194; Gilliford v. Windel, 108 Pa. 146; Schmidt v. Weidman, 63 Pa. 173; Prough v. Entriken, 11 Pa. 85; Work's App., 59 Pa. 445.

The settlement made as shown by the evidence, was not in pursuance of the 9th section of the criminal procedure act of March 31, 1860, Purd. Dig. 475 (ed. 1883), or of any other act of assembly. It was in violation of the section permitting the settlement of certain criminal cases, and every adjudicated case bearing upon this subject: 1 Story's Eq. J. 304; Ormerod v. Dearman, 100 Pa. 561; Pearce v. Wilson, 111 Pa. 14; Bredin's App., 92 Pa. 241; National Bank v. Kirk, 90 Pa. 49; Riddle v. Hall, 99 Pa. 116.

OPINION BY MR. JUSTICE McCOLLUM, May 30,. 1895:

The defendant and two other persons were sued as co-conspirators in an executed scheme to extort money from the plaintiff by means of his arrest and detention on the charge of embezzlement. This sufficiently appears from the declaration filed in the case. More than six years after the cause of action arose the declaration was amended so as to remove therefrom the element of conspiracy, and the case was so proceeded in that it resulted in a judgment against the present defendant for the money alleged to have been extorted from the plaintiff, and in a judgment in favor of his co-defendants. It is claimed that the amendment changed the cause of action and deprived the defendants of substantial rights. If the conspiracy was the cause of action and the amendmant substituted for it a new and distinct cause barred by the statute of limitations there would be obvious merit in the defendants' contention. But the essence of the complaint in the declaration was the extortion, and the amendment was not necessary to authorize or sustain the judgment appealed from. This being so the defendants were not in any manner prejudiced by the amendment. It did not introduce a new cause of action nor contribute to the result complained of. The case as presented by the pleadings before the amendment was allowed was clearly within the principle of Laverty v. Vanarsdale, 65 Pa. 507, in which it was held that where an action is brought against more than one for a wrong done, in order to recover against all a com-

bination or joint act of all must be proved, but if it turns out on the trial that one only was concerned, the plaintiff may recover as if such one had been sued alone, and in such case the conspiracy is nothing as to sustaining the action, the foundation being the actual damage done to the plaintiff. To the same effect is Collins v. Cronin, 117 Pa. 35, in which it was held that in an action against two or more in case in the nature of a conspiracy, if the tort be actionable, whether committed by two or more, recovery may be had against but one, but, if the tort be actionable only when committed under an unlawful conspiracy of two or more, recovery may not be had unless the unlawful conspiracy be established. In the case before us, as in Laverty v. Vanarsdale, the tortious act complained of was " capable of being performed by one defendant alone." For these reasons the defendant's eleventh point was inapplicable, and the answer thereto, although technically erroneous, furnishes no ground for reversing the judgment.

There was probable cause for the arrest of the plaintiff for the crime with which he was charged in the information, and the warrant for it was regular upon its face. The arrest, therefore, considered by itself, afforded no ground for an action for malicious prosecution. This much was conceded by the learned referee, who nevertheless found that the arrest was made for the purpose of extortion, and that the money obtained by it was paid under duress. As these findings appear to be warranted by the evidence the case must be disposed of upon them. To constitute duress by imprisonment the latter must be unlawful, or there must be an abuse of or an oppression under lawful process or legal detention : 6 Am. & Eng. Ency. of Law, 62, and cases there cited. If there is an arrest for a just cause but for an unlawful purpose the party arrested if he is thereby induced to enter into a contract may avoid it as one procured by duress: Baker v. Morton, 12 Wall. (U. S.) 150. " Though a person is arrested under a legal warrant and by a proper officer yet if one of the objects of the arrest is thereby to extort money or enforce the settlement of a civil claim such arrest is false imprisonment by all who have directly or indirectly procured the same or participated therein for any such purpose ; and a release or conveyance of property obtained by means of such arrest is void : " Hackett v. King, 6 Allen, 58.

1895.] Opinion of the Court.

The principles enunciated in the citations made are in accord with the decisions of this court: Prough v. Entriken, 11 Pa. 85; Schofield v. Ferrers, 47 Pa. 194; Schmidt v. Weideman, 63 Pa. 173; Mayer v. Walter, 64 Pa. 285; Work's Appeal, 59 Pa. 445. The law does not countenance the employment of criminal process for the collection of debts and the enforcement of civil liabilities. If there is probable cause for a criminal prosecution and it is instituted and maintained for a lawful purpose, the acquittal of the accused does not give him an action against the prosecutor. But if there is just cause for the prosecution and it is resorted to for an unlawful purpose the prosecutor will not be permitted to acquire anything by it. These well settled principles are applicable to the facts found by the learned referee in the case at bar. The plaintiff was arrested on the charge of embezzlement and for the purpose of extorting money from him. The prosecution was abandoned when the purpose of it was accomplished. He parted with his property while under duress by imprisonment and threats, and his right to recover it from the wrongdoer cannot under the circumstances shown be successfully questioned. We think, too, that as the act of which he complains was obviously unlawful and tortious he may recover the property obtained by it in this form of action.

The specifications of error are overruled.

Judgment affirmed.