# Hart *v.* Allegheny County Light Company, Appellant.

*Negligence—Contributory negligence—Line inspector—Electric light companies.*

In an action by a line inspector against an electric light company and a telephone company to recover damages for personal injuries caused by contact with a wire, plaintiff is guilty of contributory negligence and cannot recover, where it appears that he neglected to use rubber gloves which had been provided for him, and that he placed one hand upon a telephone wire, and the other upon or in contact with an electric light wire, both wires being upon the same pole, which was the property of the electric light company.

Argued Oct. 30, 1901. Appeal, No. 72, Oct. T., 1901, by Allegheny County Light Company, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1900, No. 510, on verdict for plaintiff in case of N. J. Hart v. Allegheny County Light Company, a Corporation, Appellant, and the Central District and Printing Telegraph Company, a Corporation. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Stowe, P. J.

At the trial it appeared that plaintiff on January 21, 1900, had his right foot injured by falling from an electric light pole. He was employed as line inspector of the Allegheny County Light Company, and in the performance of his duty had climbed a pole. While adjusting his safety belt, and while one hand was on the wire of the telephone company, the other came in contact with an electric light wire. His body formed a short circuit, which resulted in his receiving a shock, causing him to fall. The pole was owned by the electric light company. At the time of the accident, the plaintiff did not have on the rubber gloves which had been furnished him by the employer.

The jury found a verdict against the Allegheny County Light Company for $1,550, and judgment was entered thereon. The Allegheny County Light Company appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. H. Beal,* with him *Knox & Reed,* for appellant.—The action being brought jointly, the plaintiff was not entitled to a separate recovery against one defendant.

The appellee was guilty of contributory negligence : Junior v. Missouri Electric Light & Power Co., 127 Mo. 79 ; 29 S. W. Repr. 988.

*George A. Sturgeon,* with him  *W. A. Hudson,* for appellee, cited : Turton v. Powelton Electric Co., 185 Pa 406.

OPINION BY MR. JUSTICE POTTER, January 6, 1902 :

This action was brought against two defendants as joint tort feasors.   The evidence failed to show any concert of action, or any joint trespass, by the defendants, and under the principle of Wiest v. Phila. et al., 200 Pa. 148, a separate recovery should not have been allowed against one defendant in the absence of the proper amendments to the pleadings.   The point should, however, have been brought to the attention of the court at the trial.

But aside from this question it clearly appears from the evidence that the injury for which recovery is here sought, was caused by the act of the plaintiff, in placing one hand upon a telephone wire and the other upon or in contact with an electric light wire, both wires being upon the same pole, which was the property of the Electric Light Company.   The plaintiff was an inspector, and had been employed as such by the Electric Light Company for several years.   He was an experienced man, and had been accustomed to climbing poles upon which both electric wires and telephone wires were placed.   The special duty for which he was employed was to look after the lights at night, and to see that the wires were clear, and to adjust any difficulties that prevented the proper operation of the lights.   It is therefore apparent that the plaintiff, above all others, was the one whose business it was to discover anything wrong with the wires.   The defendant company could only be apprised of a difficulty with its wires through the report of the plaintiff, or some other inspector employed for that purpose. The plaintiff was familiar, or at least should have been, with the condition of the electric light wires and their situation upon the poles with relation to buildings, trees, and other wires.

Electric light wires are, of course, always dangerous to handle. There is always a possibility of injury from them alone, or in connection with other wires. The telephone wire complained of in this instance was not, as stated in the plaintiff's declaration, a "grounded or live wire," but was an ordinary wire leading from the pole to an office near by. Of course, there was connection with the earth at some point on the line, but it is apparent from the testimony, that the injury was caused, not by any current which was carried by the telephone wire, but by reason of the fact that when the plaintiff came in contact with the light wire in one hand, and with the telephone wire in the other, his body formed a short circuit between the two wires, which resulted in his receiving a shock from the heavily charged electric light wire, causing him to fall.

He had been provided with rubber gloves for the express purpose of protecting himself against an injury of this character. If he had made use of these rubber gloves upon the night in question he would have been safe. Whether it be put upon the ground of the knowledge which the plaintiff had, or should have had, of the relative position of the two wires, or whether it be based upon his carelessness in failing to protect himself at the time of the accident by the use of the rubber gloves provided for that purpose, in either case the inference is unavoidable, that without the contributory negligence of the plaintiff the accident could not have occurred.

The first specification of error is to the refusal of the appellant's first point, which prayed for binding instructions in favor of the defendant. This assignment is sustained, and the judgment is reversed.