## JAMES v. EVANS.

(Circuit Court of Appeals, Third Circuit. December 17, 1906.)

No. 21.

1. NEW TRIAL—ORDER—TIME.

Where a verdict and judgment were rendered for one of two joint tort-feasors and against the other, an order granting a new trial at the same term was in time.

2. TRIAL—VERDICT—CONSTRUCTION.

Where, in an action for conspiracy against two joint defendants, the jury returned a verdict finding in favor of plaintiff for a specified sum and against F., "one of the defendants," the finding should be construed as a verdict in favor of the other defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 772.]

3. CONSPIRACY—PARTIES—JOINT AND SEVERAL LIABILITY.

Where plaintiff sued two defendants jointly for conspiracy, and a verdict was rendered in plaintiff's favor against one of the defendants only, plaintiff was entitled to a judgment as against him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Conspiracy, § 24.]

4. WRIT OF ERROR—NEW TRIAL—DISCRETION—REVIEW.

The rule that the allowance or refusal of a new trial rests in the discretion of the trial court, and will not be interfered with on a writ of error, has no application, where such allowance or refusal results from a clear abuse of discretion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3860–3870.]

5. SAME—ABUSE OF DISCRETION.

Where a new trial was awarded solely by reason of an erroneous opinion that, under the pleadings, the verdict could not by any possibility lawfully have been found, there was an abuse of discretion, which might be corrected by writ of error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3860–3870.]

6. NEW TRIAL—ORDER—EFFECT.

Plaintiff sued two defendants for conspiracy, and, a verdict having been rendered in favor of one of them and against the other, judgment was rendered in favor of the defendant found not guilty, after which an order was made granting a new trial. *Held*, that such order operated to vacate the verdict and judgment in favor of the defendant not charged.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 331.]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 140 Fed. 419.

J. C. Swartley, for plaintiff in error.

George T. Hunsicker, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. Regina Evans, the defendant in error, brought in December, 1904, an action of trespass in the circuit court of the United States for the eastern district of Pennsylvania against Wynne James, the plaintiff in error, and Henry G. Freeman, Jr. In her declaration she set forth in substance, among other things, that she was the owner of a farm of ninety-five acres in Bucks county, Pennsylvania, of the value of $5,400 above all incumbrances, and of live stock, crops and farming implements thereon of the value of $3,000; that Freeman was the owner of four old brick houses in Philadelphia assessed at the sum of $21,800, which was in excess of their value; that James was an attorney at law and was employed by the plaintiff for the purpose of effecting a cash private sale of her farm and property thereon; that Freeman and James "did fraudulently, deceitfully, maliciously and unlawfully conspire, combine, confederate and agree together to cheat and deprive plaintiff of her said real and personal property by effecting a fraudulent exchange thereof for a worthless equity in said houses" and by other deceitful and fraudulent devices particularly set forth in the declaration; and that the defendants succeeded in accomplishing the purpose of their conspiracy. The defendants severally having pleaded not guilty, the case went to trial and May 3, 1905, a sealed verdict was brought in and at the same time a written memorandum signed by all the jurors was handed to the clerk, which was in the following words and figures:

"We, the undersigned, jury in the above stated case, find in favor of the plaintiff for $7,273.33, and against Henry G. Freeman, Jr., one of the defendants."

The verdict was formally recorded as follows:

"And afterwards, to wit, on the third day of May, A. D. 1905, the jurors aforesaid upon their oaths and affirmations respectively do say that they find for plaintiff and against Henry G. Freeman, Jr., one of the defendants, and assess the damages at seven thousand two hundred and seventy three and 33/100 dollars ($7,273.33)."

Freeman, through his counsel, moved May 6, 1905, for a new trial and also in arrest of judgment. In support of the motion for a new trial he urged that the court erred, among other things, in charging the jury as follows:

"It is charged in the declaration that there was a conspiracy between these two defendants for the purpose of making these false representations to her, in order to induce her to enter into this transaction whereby she was defrauded. Now in an action like this for deceit or fraudulent misrepresentation, which results in damage, the matter of conspiracy is not the matter which entitles a plaintiff to a recovery. Whether there is a conspiracy charged or proven, or not, if the evidence shows that by false and fraudulent representations of both or one of them, this plaintiff has suffered a damage, she would be entitled to recover against the one perpetrating the wrong upon her; or if both of them had done the wrong, together or separately, whether there was a conspiracy proven or not. If you find that both or one of them perpetrated and have done this wrong, if any wrong was done, the plaintiff would be entitled to recover for the amount of the damage suffered against either one or both, as you find the evidence to be, if you find in her favor, and for such an amount as the evidence would warrant."

And further:

"If, however, you find that there is no conspiracy, and one or the other made false representations of material facts in regard to this transaction which resulted in damage, then you have a right to say that that one is responsible here."

So, too, among the reasons in support of the motion in arrest of judgment substantially the same ground was taken, as follows:

"2. The verdict of the jury having established that there was no fraud or conspiracy as alleged in the declaration, between the said Henry G. Freeman, Jr., and his co-defendant Wynne James, under the pleadings and issue in the case, no verdict could in law be found by the jury against the defendant Freeman individually, and no judgment should be entered on the same."

The counsel for James filed May 10, 1905, with the clerk of the court below a præcipe for the entry of judgment in favor of his client upon the above mentioned verdict, and thereupon judgment was noted upon the record accordingly. The motion for a new trial was granted September 6, 1905, the court, among other things, saying:

"Taking oral and documentary evidence together there was ample proof to sustain the plaintiff's claim, and the jury found a verdict for seven thousand two hundred and seventy-three and thirty-three hundredths dollars ($7,273.33) in favor of claimant but only against Freeman, one of the defendants. * * * The verdict against Freeman alone cannot be sustained in view of the fact that the statement claims for an unlawful combination between Freeman and plaintiff's attorney, James, and the evidence submitted by her tended to prove that allegation, and a new trial should therefore be granted, and it is so ordered."

It is fairly inferable from this language that the court intended and ordered a new trial as to both James and Freeman. The plaintiff, after the expiration of the term in which the verdict was rendered and judgment entered in favor of James, filed a petition in the court below November 2, 1905, praying the court "to reinstate the motions for a new trial and in arrest of judgment, and grant a reargument thereof." The petition recited, among other things, the rendition of the verdict, the filing of the motions for a new trial and in arrest of judgment, the judgment on verdict in favor of James and the order granting a new trial. It alleged in substance, among other things, that the plaintiff and her counsel had believed that a new trial had been awarded as to both defendants, and discovered only October 27, 1905, that a judgment had been entered in favor of James; that owing to the condition of the record it might be contended by the defendants that the judgment in favor of James was a final judgment which could not be set aside by the court; that it might also be contended by them that such judgment "eliminates the element of conspiracy, and plaintiff, if entitled to proceed, can only do so in an action of deceit against Freeman, wherein evidence of declarations and conduct of James in the absence of Freeman will be inadmissible"; that, as the plaintiff was advised and believed, the charge of the court to the jury was correct with respect to the right of the plaintiff to recover against both or either of the defendants, as the facts should warrant, and, therefore, the motions for a new trial and in arrest of judgment should have been denied; that the then condition

of the record was such that "the plaintiff is deprived of all remedy against the defendants or either of them in her action of conspiracy"; and that "unless plaintiff's case, if re-tried, retains its original form of conspiracy against both defendants, and she have a new trial as to both, she is without redress." In disposing of the petition January 8, 1906, the court below considered with some care the scope and effect of the order granting a new trial, which was made September 6, 1905, as above mentioned, and the language used leaves no room for doubt that the order for a new trial related to both defendants. The court said:

"The jury, by the finding for the plaintiff, established the existence of the conspiracy, and a verdict cannot be permitted to stand which seeks to make one defendant pay the total damage. To save Freeman from this injustice, a new trial was granted on a verdict which was as indivisible as the alleged joint wrong upon which it was based. It was a verdict that could only stand or fall as to both. It could not stand as to James and fall as to Freeman. When it was set aside, it was set aside as a whole or not at all. The language used in the opinion shows that both defendants were considered in discussing the reasons for a new trial, and because of their inseparable connection with the transaction the new trial was granted as to both. The action of James, by his counsel, after the term had expired, was a plain indication that he entertained grave doubt as to what the order for a new trial embraced, before the court had any knowledge of the entry of judgment for James, or that there existed any dispute as to the fact that the opinion awarded a new trial against both James and Freeman. Had it been known that judgment had been noted in favor of James at the time of filing the order for a new trial, there is no doubt but that this judgment would have been vacated, but under the decisions it is plain that the awarding of a new trial vacated the judgment in favor of him. Motion to rescind order for a new trial refused. In order that the record may plainly show what was done on September 6th, 1905, the following order will be entered:

And now, to wit, January 8th, 1906, judgment on the verdict as to Wynne James, entered May 10th, 1905, is hereby stricken from the record, and the docket entry made September 6, 1905, which reads 'opinion granting a new trial filed' be amended so as to read 'opinion filed awarding a new trial against Henry G. Freeman, Jr., and Wynne James.' "

The first and second assignments of error present the substantial questions in the case. The latter is that there was error in granting a new trial as to James, and the former, that there was error in making the order of January 8, 1906, striking from the record the judgment on verdict in favor of James, entered May 10, 1905. The order awarding a new trial was made during the term in which the verdict was rendered and the judgment in favor of James entered. It was, therefore, seasonably made, if time alone be considered. But the inquiry remains whether it was in other respects, involving, as it did, the vacation or setting aside of the judgment in favor of James, such an exercise of judicial discretion as cannot successfully be assailed on writ of error. The verdict rendered by the jury May 3, 1905, was not only against Freeman, but in effect, though not in form, was a verdict in favor of James. Girts v. Commonwealth, 22 Pa. 351; Wilderman v. Sandusky, 15 Ill. 60; Missouri Pac. Ry. Co. v. Kingsbury (Tex. Civ. App.) 25 S. W. 322. That such was its operation under the practice of the courts in Pennsylvania we have no reason to doubt. On this verdict, as above stated, judgment was entered in favor of James May 10, 1905. This was a final judgment and its

entry appears to have been regular. Subject to possible reversal on writ of error, and to the power of the court, during the term in which it was entered, in the exercise of a sound discretion, to open or set it aside, it conclusively established immunity on the part of James with respect to all matters in controversy in the suit. The court below having charged the jury that, notwithstanding the fact that the plaintiff in her declaration set forth a conspiracy between James and Freeman to practice the deceit alleged, there could be a recovery on account of resultant damage from both or either of them as the evidence should warrant, a verdict was found, as above stated, against Freeman and in favor of James. The court subsequently changed its views on the subject of several liability, and declared, in the opinion on the motion for a new trial, that a "verdict against Freeman alone could not be sustained in view of the fact that the statement claims for an unlawful combination between Freeman and plaintiff's attorney, James," and, in the opinion on the petition for a re-instatement of the motions for a new trial and in arrest of judgment, that "the act charged could not have been committed by one" and the verdict was "as indivisible as the alleged joint wrong upon which it was based" and "could only stand or fall as to both." We are unable to concur in the opinion of the court below that the only verdict which legitimately could be rendered in this case would be either against or in favor of both defendants. This is in substance an action on the case in the nature of conspiracy. Being a civil remedy, the gist of the action is not the conspiracy charged, but the tort working damage to the plaintiff. The tort in its nature was capable of commission either by both defendants jointly or by Freeman alone. The jury by its verdict found against Freeman and in favor of James. Such a course has been warranted by the authorities from an early day. Skinner v. Gunton, 1 Saund. 228, 230, note; Savile v. Roberts, 1 Ld. Raym. 374, 378, 379; Parker v. Huntington, 2 Gray (Mass.) 124, 127; Laverty v. Vanarsdale, 65 Pa. 507; Collins v. Cronin, 117 Pa. 35, 11 Atl. 869; Rundell v. Kalbfus, 125 Pa. 123, 17 Atl. 238; Fillman v. Ryon, 168 Pa. 484, 32 Atl. 89. It is true that in Wiest v. Traction Co., 200 Pa. 148, 49 Atl. 891, 58 L. R. A. 666, followed by Hart v. Allegheny Co. L. Co., 201 Pa. 234, 50 Atl. 1010, Rowland v. Philadelphia, 202 Pa. 50, 51 Atl. 589, Minnich v. Electric Railway Co., 203 Pa. 632, 53 Atl. 501, and Goodman v. Coal Township, 206 Pa. 621, 56 Atl. 65, the court laid down the doctrine that where a suit is brought against a number of defendants jointly charging the commission of a tort, if no concert of action is shown and, therefore, no joint tort appears, there cannot be a verdict against any one of the defendants on proof of a tort committed by him alone. All of these latter cases, however, were in trespass for injuries sustained through negligence; and in none of them was a conspiracy alleged. We cannot assume that the Supreme Court of Pennsylvania intended in deciding them to repudiate the ancient and well-established doctrine applicable to civil actions charging conspiracy. Indeed, in Wiest v. Traction Co., the court evidently intended, without overruling or questioning them, to distinguish its decisions in actions for con-

spiracy from the case of negligence then under consideration. For it said:

"Laverty v. Vanarsdale, 65 Pa. 509, was an action of conspiracy, and that decision is referable to that class of cases. Collins v. Cronin, 117 Pa. 35, 11 Atl. 869, Rundell v. Kalbfus, 125 Pa. 123, 17 Atl. 238, and Fillman v. Ryon, 168 Pa. 484, 32 Atl. 89, are similar in character. These cases do not, we think, when rightly understood, justify the practice, of joining as defendants, in suits for negligence, every one, against whom any ground of liability seems to exist, without regard to the question of whether the case is really one of joint tort."

We think that under the pleadings the court below correctly charged the jury in such manner as to permit a verdict, should the evidence so warrant, against Freeman and in favor of James, and that, the jury having on the evidence found such a verdict, final judgment properly was entered thereon. The ground on which the verdict was set aside and a new trial awarded was, not that a verdict should not have been found against Freeman, but that it "could only stand or fall as to both." While it is a general rule that the allowance or refusal of a new trial rests in the sound discretion of the court and will not be interfered with on a writ of error, it is well settled that this rule has no application where such allowance or refusal results from a clear abuse of discretion. And where a new trial is awarded solely by reason of an erroneous opinion that under the pleadings the verdict could not by any possibility lawfully have been found, there is in legal contemplation an abuse of discretion which can be corrected by writ of error. In awarding a new trial, necessarily involving and effecting the vacation or setting aside of the verdict and judgment in favor of James, the court acted, we think, under a misapprehension of the law, and its action in this regard was not had in the exercise of a sound judicial discretion, but constituted reversible error. In view of the foregoing reasons it is unnecessary particularly to discuss the order of January 8, 1906, made, as before stated, after the expiration of the term in which the verdict was rendered, striking from the record the judgment in favor of James and awarding a new trial against both defendants. The orders awarding a new trial and striking from the record the judgment in favor of James should be reversed, with costs, and that judgment re-instated; and it is so ordered.