LEWELLA C. OAKES, Appellant, *v.* FRANCIS J. OAKES and ADELAIDE
    SULLIVAN OAKES, Respondents, Impleaded with Others.

*Special motion for judgment on the pleadings, disapproved — Statute of Limitations
    where a charge of conspiracy is united with one for false imprisonment.*

The practice of applying by special motion for judgment upon the pleadings at
    the Special Term, instead of awaiting a trial of the issues of law or of fact in
    the ordinary manner and in the appropriate branch of the court, disapproved.
In an action to recover damages for the unlawful confinement of the plaintiff in
    an insane asylum, the plaintiff cannot, by alleging that such confinement was
    in pursuance of a conspiracy between the defendants, enlarge the scope of the
    action or make applicable thereto a different rule of limitation than that which
    would apply to the act of false imprisonment itself.   Such an action is governed
    by the two years' Statute of Limitations applicable to actions for false impris-
    onment, and not by the six years' Statute of Limitations applicable to actions
    for personal injuries where no other period of limitation is prescribed.
VAN BRUNT, P. J., and INGRAHAM, J., dissented upon the ground that the
    defense of the Statute of Limitations should be disposed of only on the trial.

APPEAL by the plaintiff, Lewella C. Oakes, from a judgment of
the Supreme Court in favor of the defendants Francis J. Oakes and
Adelaide Sullivan Oakes, entered in the office of the clerk of the
county of New York on the 23d day of July, 1900, granting the
motion of the defendants Francis J. Oakes and Adelaide Sullivan
Oakes for judgment upon the pleadings dismissing the complaint,
and also from an order made at the New York Special Term and
entered in said clerk's office on the 17th day of July, 1900, upon
which said judgment was entered.

*John M. Gardner*, for the appellant.

*Alexander H. Van Cott*, for the respondents.

PATTERSON, J.:

The judgment dismissing the complaint in this action was entered
upon an order made at Special Term on a motion of the defendants
Oakes for judgment upon a reply as frivolous, and also for judgment
upon the pleadings.   This appeal is from the judgment and the order.
The practice of applying by special motion for a judgment upon
the pleadings at the Special Term, instead of awaiting a trial of the
issues of fact or of law in the ordinary manner, and in the appro-

priate branch of the court, we might feel called upon to condemn, were the question properly before us. It was not raised in the court below and has not been presented here. The plaintiff must be deemed to have waived such an objection. We refer to the subject only that it may not be understood that by considering the substantial question before us we have approved and established as a precedent the procedure which resulted in the judgment appealed from.

The action was brought to recover damages against the defendants upon allegations that they conspired to cause her committal to a sanitarium as an insane person. The defendants Francis J. Oakes and Adelaide S. Oakes, it is alleged, formed this conspiracy with the other defendants, and that in pursuance thereof the plaintiff was committed to an institution for the insane on the 5th of November, 1891, and was there placed under restraint and kept in confinement and deprived of her liberty until the 27th day of February, 1892; that again, on the 22d of March, 1893, in furtherance of the conspiracy, the same persons, without the consent of the plaintiff, caused her again to be committed to the same institution, where she was kept and restrained of her liberty until the 13th of January, 1894; that on the 13th of January, 1894, still in pursuance of the same alleged conspiracy and without her consent, she was confined in an institution for the insane at Whitestone, in the State of New York, and was there deprived of her liberty until the 7th of June, 1894, on which day, still pursuant to the same alleged conspiracy, she was forcibly taken and removed outside of the State of New York to Darien, in the State of Connecticut, where she was placed in an institution for the insane and kept there, and deprived of her liberty until the 19th of June, 1894, and she alleged that by reason of the premises she suffered and sustained damage in a certain amount, for which she demanded judgment. The defendants deny the principal allegations of the complaint, but as a separate defense set up " that the cause or causes of action set forth in the complaint herein did not accrue within two years before the commencement of this action." The plaintiff was required by an order of the court to reply to the defense of the Statute of Limitations as pleaded by the defendants Oakes, and in her reply she admitted that the causes of action set forth in the complaint did not accrue within two years

before the commencement of the action, but she averred that they did accrue within six years before the commencement of the action, and she insisted in the court below and now contends that the causes of action set forth in the complaint are for a personal injury for which suit may be brought within six years, and are not of those required by section 384 of the Code of Civil Procedure to be brought within two years, and that contention presents the only subject that requires consideration.

The defendants' argument that the six years' statute applies, proceeds upon the assumption that an independent actionable wrong is created by the conjunction of an allegation of a confederation or conspiracy to do a certain act with an allegation of the commission of that act by the parties implicated in the conspiracy; that it is not the act itself that furnishes the ground or cause of action, but that the conspiracy and the act together constitute an independent personal injury, an action to recover damages for which may be brought within six years. But in a civil action for damages, an allegation of conspiracy does not form an essential part of a cause of action. The conspiracy is only matter of aggravation. (FOLGER, J., in *Verplanck* v. *Van Buren*, 76 N. Y. 247.) The real foundation of the action is the damage done to the plaintiff; the essence is that an actionable wrong has been perpetrated. What was said in the case of *Buffalo Lubricating Oil Co.* v. *Everest* (30 Hun, 586) well states the law upon the subject: " The allegation of conspiracy between the defendants to commit the act complained of is of no importance so far as it respects the cause and ground of action. A simple conspiracy, however atrocious, unless it results in actual damage to the party against whom the conspiracy is aimed, is not the subject of a civil action. It is only necessary to be averred and proved, where a verdict is demanded against two or more defendants. \* \* \* (*Hutchins* v. *Hutchins*, 7 Hill, 107; *Savill* v. *Roberts*, 1 Lord R. 374; *Parker* v. *Huntington*, 2 Gray, 124; *Bowen* v. *Matheson*, 14 Allen, 499; *Laverty* v. *Vanarsdale*, 65 Pa. 507.)" Such being the only office and effect of allegations of conspiracy in an action of this character, the nature of that action is to be tested, so far as the ground of liability is concerned, by the acts done by the defendants. Referring again as authority to the case last cited, if the allegations of this complaint relating to conspiracy are cut

off from the averments as to the means resorted to, the action would then be in its nature and character one for false imprisonment. The allegations of conspiracy are merely directed to enforcing liability against all parties concerned in the unlawful act of the alleged false imprisonment of the plaintiff, and may make each defendant liable for what has been done by the others. By uniting unlawful acts with an allegation of false imprisonment, the scope of the action is not enlarged as to the ground of liability nor a different rule of limitation made applicable than that which would apply to the false imprisonment itself. Here the damage was the alleged unlawful deprivation of liberty, and the two years' statute applies.

The judgment and order appealed from must be affirmed, with costs.

RUMSEY and HATCH, JJ., concurred; VAN BRUNT, P. J., and INGRAHAM, J., dissented.

INGRAHAM, J. (dissenting):

I dissent. The question whether or not the Statute of Limitations applies should only be disposed of upon the trial of the action. It is an affirmative defense to be pleaded, and the plaintiff is entitled to prove any fact which would take the case out of the statute. To grant upon motion a judgment for a defendant upon the ground that the Statute of Limitations is a bar to the cause of action alleged in the complaint seems to me to be opposed to all of the principles established for the disposition of issues of fact and of law raised by the pleadings; takes from the plaintiff a substantial right, and can add nothing but confusion to the practice. The parties are entitled by the Constitution to a trial of the action either before a jury or at the Special Term, and when issues of fact and law are raised by the pleadings, such issues should be disposed of by a trial.

VAN BRUNT, P. J., concurred.

Judgment and order affirmed, with costs.