# Truby *v.* American Natural Gas Company, Appellant.

*Corporations—Pipe line companies—Unlawful entry on land—Trespass*
*—Pleading—Anticipatory replication—Damages.*

1. Where in an action of trespass against a pipe line company, the plaintiff avers in his statement that the defendant wrongfully entered upon the plaintiff's land and laid a pipe line against the plaintiff's will, and the defendant sets up a right of way agreement with the plaintiff, giving the defendant a right to enter upon the land and lay a pipe line, the plaintiff may in rebuttal show that the pipe line actually laid was in a substantially different location than that mentioned in the agreement. The plaintiff in such a case is not bound to anticipate a defense of this character and answer it, in his pleadings.

2. A permanent injury to land caused by the laying of a pipe line entitles the owner of the land to recover damages measured by the resulting depreciation in the value of the property.

3. Where a landowner has knowledge that a pipe line company is laying a pipe line on his land, without having tendered him a bond, or made any effort with him to agree as to damages, he is not thereafter estopped from suing the company in trespass for damages for the permanent injuries to his property. In such a case the owner has a right to waive his constitutional and statutory right to security for his damages, and make claim in his action of trespass for permanent injuries to his property as if the company had given such security.

Argued May 11, 1908. Appeal, No. 223, April T., 1908, by defendant, from judgment of C. P. Armstrong Co., March T., 1907, No. 219, on verdict for plaintiff in case of W. H. Truby v. American Natural Gas Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for injuries to land.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $519. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Wm. A. Griffith*, of *Griffith & Mitchell*, for appellant.—The settled law in a case where no effort has been made to agree with the owner, or to condemn by court proceedings, but where the entry is made without any authority whatever, and the owner of the land stands by and sees the expenditure by the corporation of large sums of money in the construction of its railroad or pipe line, or whatever part of its system in use as a quasi-public corporation, the owner cannot treat the entry so made as a trespass upon the ground that it was not preceded by payment or security for the compensation payable to him for the land taken. This is decided in Oliver et al. v. Railway Company, 131 Pa. 408, in which case we find it stated: "He does not, however, lose his right to compensation and can proceed under the statute to have his damages assessed as well after as before the construction of the road:" Keil v. Gas Co., 131 Pa. 466; Davis v. Pipe Lines, 34 Pa. Superior Ct. 438.

We submit that the testimony offered by the plaintiff in chief and the measure of damage which he attempted to prove by his evidence, do not substantiate the allegations contained in the declaration. The act of 1887 has not in any way affected our rules of pleading, but has only effected a combination of various actions under one name, as was well set forth in the case of Busch v. Calhoun, 14 Pa. Superior Ct. 578. We submit that as plaintiff has declared in trespass q. c. f. and his proof in chief and rebuttal combined shows that his damages, if any, result from a breach of contract on the part of defendant, there is a material variance and that he should have declared in case to maintain his action: Boults v. Mitchell, 15 Pa. 371; Edelman v. Yeakel, 27 Pa. 26.

*J. W. King* and *M. F. Leason*, for appellee.—We do not un-

derstand it to be the practice that the plaintiff's statement must contain in detail what damages, if any, he has sustained, but in this case it did. If such detailed statement is deemed by the defendant necessary, he can rule the plaintiff to specify particularly his various items of damages, and thereby gain such additional information as the court below may require. Nothing of the kind was done in this case by the appellant. It did not go to trial to answer such evidence of damage sustained as might be proved. In a sense, the continued unlawful occupancy by the appellant of appellee's land, was a continued trespass, and the established rule in instructing the jury for such trespass in assessing damages was followed by the learned court below in his charge: Hankey v. Philadelphia Co., 5 Pa. Superior Ct. 148; P. & L. E. R. R. Co. v. Jones, 111 Pa. 204; Duffield v. Rosenzweig, 144 Pa. 520; McClelland v. Schwerd, 32 Pa. Superior Ct. 313; Linton v. Water Co., 29 Pa. Superior Ct. 172.

No consent was given by the plaintiff to the defendant to enter and occupy his land as was done. The entry might have been lawful, but the abuse of the lawful entry made trespass the remedy for the redress of the wrong: Edelman v. Yeakel, 27 Pa. 26.

OPINION BY RICE, P. J., February 26, 1909:

We cannot agree with the defendant's counsel that the plaintiff was not entitled to recover under the pleadings. He brought suit in trespass and alleged in his statement of claim that the defendant with force and arms entered upon his land, describing it, and laid a pipe line through and in the same, against the will of the plaintiff, which it continued to maintain to the date of suit brought. The defendant pleaded not guilty. On the trial of the issue plaintiff adduced proof of the entry, the laying and maintenance of the pipe line, and the damages, as for a permanent injury, resulting therefrom, and then rested. In defense the defendant introduced a writing called a right of way contract, whereby the plaintiff granted to the defendant the right to lay, and from time to time to replace, maintain and remove a pipe line of any size not exceeding six inches through the plaintiff's land, being the land described in the statement, and

agreed to accept fifty cents per rod as liquidated damages, and
the defendant agreed on its part to keep the line within three
feet of a certain line fence.  It is argued that as by this agree-
ment the defendant had the right to enter upon the plaintiff's
land, an action quare clausum fregit, which it is claimed the
plaintiff's statement shows this to be, could not be maintained
for an abuse of the right.  In support of this proposition counsel
cite Boults v. Mitchell, 15 Pa. 371, and Edelman v. Yeakel, 27
Pa. 26.  These cases, properly understood, would scarcely sus-
tain a plea demurred to that the defendant had been granted
the right by the owner to enter upon and occupy a particular
part of the owner's land without alleging further that the entry
and occupancy were upon that particular part, or upon so much
only of the adjoining land as was essential to the enjoyment of
the right.  Moreover, it was held in the later case of Kissecker
v. Mcnn, 36 Pa. 313, that a person who had a license to enter on
land of another, and to take down a gate to enable him to enter,
but neglected to restore it to its place, in consequence of which
his swine were enabled to trespass on the plaintiff's land, was
liable in trespass quare clausum fregit for the damages thereby
occasioned.  Again, in Shiffer v. Broadhead, 126 Pa. 260, which
was an action of trespass under the Act of March 29, 1824, P. L.
152, for cutting timber trees, the defendant set up in defense a
contract which gave him the right to enter plaintiff's land and
cut certain kinds and sizes of trees.  The referee held that as
the defendant's right of entry was not determined, the plaintiff
could not recover for cutting other trees upon the tract in this
form of action.  This was held to be error, Mr. Justice STERRETT
saying: "It is true they had a right of entry on the premises at
the time the cutting was done, but it was not a right of entry
for all purposes.  It was solely for the purpose of cutting and
removing such trees as, under the agreement, they had a right
to cut, and nothing else.  In cutting and removing other trees
which they had no right, and must have known they had no
right to cut, they became trespassers as to such unauthorized
and illegal acts, and as such they were liable in this action."
The same was held in Irwin v. Patchen, 164 Pa. 51, notwith-
standing the fact that the case of Boults v. Mitchell, 15 Pa. 371,

supra, was pressed upon the attention of the court as authority for the proposition that the defendant was not a trespasser. So here, the defendant's right to enter upon and occupy was restricted by the very terms of the agreement to a certain purpose and a certain location. The defendant had no ground for presuming that if it introduced in evidence this contract as a defense, the plaintiff would not be permitted to show that it was no defense, because the pipe line was laid in a substantially different location. The plaintiff was not bound to anticipate this defense and answer it in his pleadings.

The remaining question is as to the measure of damages. It is apparent that the injury complained of is not of a temporary but of a permanent nature. This is not seriously questioned by the defendant's counsel. There are numerous cases in which it has been held that where there is a permanent injury to real estate the plaintiff is entitled to recover damages measured by the resulting depreciation in the value of the property. Most of these were cited and reviewed by Mr. Justice POTTER in Rabe v. Shoenberger Coal Co., 213 Pa. 252. See also Carpenter v. Lancaster, 212 Pa. 581; Linton v. Armstrong Water Co., 29 Pa. Superior Ct. 172, and Becker v. Lebanon, etc., Ry. Co., 30 Pa. Superior Ct. 546. The case of Hankey v. Philadelphia Co., 5 Pa. Superior Ct. 148, is directly in point. There a company having the right of eminent domain, as this company has, without tender of bond or effort to agree as to damages, laid a gas pipe and erected a telephone line along a public road through the land of the plaintiff, who knew of the work and not only made no active effort to stop it, but actually assisted in it. It was held that he was estopped from depriving the defendant of the easement it had acquired, though entitled to compensation through a common-law action for the injuries he had sustained, including those resulting from a permanent occupancy of his land. This case was not overruled nor was its authority questioned in the recent case of Davis v. Southwest Pipe Lines, 34 Pa. Superior Ct. 438. On the contrary, it was distinctly declared in the opinion of the Supreme Court upon appeal from our decision, not yet reported, that what was held in Hankey v. Philadelphia Co. is the undoubted law. It is apparent, how-

ever, that it is not an invariable rule to be applied wherever a company having the power of eminent domain has entered upon private land and occupied the same for the purposes of its charter. For example, it does not apply to a case where the company has entered upon private land for such purpose without the knowledge of the owner. In such a case the owner may bring trespass and recover damages to the time of suit brought, and then follow this by successive actions of trespass. In the Davis case it was held that having established his right at law he could maintain a bill in equity to compel removal of the pipe line, unless within a specified time the company gave bond to secure the damages consequent upon its taking the land of the plaintiff. The present case differs from that in this that the plaintiff knew of the defendant's trespass, and it is distinguishable from the Hankey case in that it does not appear that he actually assisted in the work. Whether in view of these distinguishing features he could or could not have maintained a bill to compel removal of the pipe line, or was or was not estopped to enforce his right to have it removed by the indirect method of successive actions of trespass, need not be positively decided. He certainly had a right to waive his constitutional and statutory right to security for his damages and make claim in his action of trespass for permanent injuries to his property as if the defendant had given such security. This conclusion is amply supported by the opinion of Mr. Justice BROWN in the Davis case, and by many of the decisions cited in Rabe v. Shoenberger Coal Co., 213 Pa. 252.

We have discussed the two questions which are alluded to in the appellant's statement of the questions involved and in the argument of its learned counsel. We deem it unnecessary, therefore, to comment upon the several assignments of error, further than to say that we discover no reversible error in any of the rulings there complained of.

The judgment is affirmed.