# Commonwealth to use *v.* Shapiro, Appellant.

*Landlord and tenant—Use of private ways—Trespass—Posting land—Act of April 14, 1905, P. L. 169.*

Where an owner of land leases dwelling houses thereon, under leases containing covenants that the lessee will not "use, allow, suffer, or permit the use of the lands, or the private way or road through or over the lands to said house for any purpose than that of ingress or egress from and to the public road for said lessee and the members of his family, and to do no act or thing . . . . whereby the public might be invited or allowed to go or trespass on the ground of the lessor," a person who delivers goods purchased by a lessee is not a trespasser on the private way; nor does he become a trespasser by soliciting orders from the lessee to whom he has delivered goods previously bought; but he will become a trespasser if he uses the private way for taking orders from other persons in the settlement; and if the land has been posted under the Act of April 14, 1905, P. L. 169, he will be liable for the penalty imposed by the act if he takes such orders from other persons.

Argued April 22, 1909.  Appeal, No. 146, April T., 1909, by defendant, from judgment of C. P. Washington Co., Nov. T., 1907, No. 154, in case stated in suit of Commonwealth to use of Chartiers Township School District v. Harry Shapiro.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ.  Affirmed.

Case stated on appeal from judgment of a justice of the peace. Before TAYLOR, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff on case stated.

*T. H. W. Fergus,* with him *Shapiro & Levy,* for appellant.— When land is conveyed, which the vendee cannot reach without going over the land of the vendor, the right of way is implied and, of necessity, becomes appurtenant to the land conveyed so long as it cannot be otherwise enjoyed: Wissler v. Hershey, 23 Pa. 333; Delevan v. Champlin, 4 Lack. Jurist. 259.

This is a conclusive answer to the action (trespass) that the evidence proves that the possession of the premises on which the trespass was committed, was not exclusively in the plaintiff.  It was a joint possession and the alleged wrong was by the authority of the joint possession: Beaver v. Filson, 8 Pa. 327.

Penal statutes must be construed strictly, and should not be extended beyond the evident intention of the legislature as expressed upon their face.  We must have regard to whom and to what the act is intended to refer, and to nothing else: Bucher v. Com., 103 Pa. 528.

Contracts clearly injurious to the public interest are held invalid, however novel: Baltimore v. Imp. Co., 40 L. R. A. 494; Keeler v. Taylor, 53 Pa. 467; Muller v. Bohringer, 3 Pa. C. C. Rep. 144.

*Richard G. Miller,* for appellee, cited: Com. v. Lapempti, 16 Pa. Dist. Rep. 403; Com. v. Rogers, 1 Del. Co. 517; Pittsburg v. Kalchthaler, 114 Pa. 547; Com. v. Burford, 35 Pa. C. C. Rep. 225; Enders v. Enders, 164 Pa. 266.

OPINION BY RICE, P. J., October 11, 1909:

So far as this case relates to the defendant's traveling over the private ways for the single purpose of delivering to the premises, to which the ways were appurtenant, goods which had been ordered by tenants of the premises, it is like the case of Commonwealth v. Burford, 38 Pa. Superior Ct. 201, excepting in this particular: in that case the written leases under which the tenants held contained no reference to any public or private way, whereas the leases involved in the present case each contained a covenant relative to the use of the private ways. But for that covenant in the leases, the following statement of the law taken from the opinion in Commonwealth v. Burford would be applicable and controlling: "When Fitzgerald and Lenhart" (here the United Coal Company) "leased the several houses they, the owners of the land, knew of the existence of these private customary ways and they knew, also, that these ways were the only means of access to the houses which they were leasing. These private and customary ways, therefore, passed by the lease as appurtenant to the house, and the fact that the lease contained no express grant is wholly immaterial. The ways being appurtenant to the house, the title to the latter carried with it the right to the use of the way. The right being appurtenant to the house, it included not only the right of the lessee to the use of it, but that it might be used by his family and others who with the permission of the tenant visited his house for any lawful purpose." How then does the covenant in the leases affect the question for decision? It reads as follows: "Said lessee further covenants, premises and agrees to and with said lessor that any amount said lessee may owe said lessor for rent or merchandise shall be deducted from his earnings and that said lessee will use said demised premises as a dwelling house for himself and family and for no other purpose, and he hereby agrees to not use, allow, suffer or permit the use of the lands, or the private way or road through or over the lands of said lessor to said house for any purpose than that of ingress and egress from and to the public road for said lessee and the members of his family, and to do no act or thing, or suffer or cause the same to be done, whereby the public may be

invited or allowed to go or trespass upon the ground of the lessor."

It is argued that any contract entered into by the lessee, under constraint, whereby their right to invite anyone with whom they were doing business to come to their homes, and make reasonable use of the private roads and ways for that purpose, was given away, would be void. This proposition need not be considered, because the agreement as to the facts contains no express admission that the lessees were under constraint when they executed the leases, and no facts are admitted from which a legal implication or inference of that fact arises.

Another proposition submitted by appellant's counsel is, in effect, that even if there was a violation of the covenant on the part of the lessees, that was a matter between them and the landlord exclusively, and therefore a third person who accepted the tenant's invitation, although with notice that the landlord denied his right to enter upon the property, was not a trespasser and incurred no liability. We are not prepared to give unqualified assent to this view. If in the absence of the tenant's permission the use of the way by the third person against the objection of the owner of the land would have been a tresspass, the tenant's invitation or permission which he had no right to give would not make that act of the third person any the less an unauthorized entry upon the land of the owner. The owner of a right of way over the land of another is limited in its use by the terms of the grant from which the way was derived. Upon the same principle, a right of way which passes as an appurtenance of leased premises without express words granting it may be limited and restricted by the covenants of the lease, if such was the intention of the parties, as we have no doubt it was here. One branch of the covenant is, not to do any act or thing, or suffer or cause the same to be done, whereby "the public" may be invited or allowed to go or trespass upon the ground of the lessor. This undoubtedly was intended to apply not only to the ground of which the lessor retained exclusive possession, but also to the ground over which the private ways pass. The premises were leased for use as dwelling houses and were to be used for no other purpose. The obvious purpose of the branch

of the covenant which relates to use by the public was to keep the premises and ways strictly private. They would be so, even though some member of the general public might be admitted. A covenant against admitting the public at large is not tantamount to a covenant against permitting any individual to set foot upon the way or premises for any purpose. But the covenant goes further and excludes the use of the ways " for any other purpose than that of ingress and egress from and to the public road for said lessee and the members of his family." The case may be considered as if there was a grant in express words of the right to use the ways for that purpose, and a covenant not to use them, or permit them to be used, for any other. In determining the meaning of a grant in such words and with such restrictions, we must endeavor to arrive at the intention of the parties, and in doing so must have regard to the circumstances, for it needs but a moment's reflection to see that the words "ingress and egress" are not the precise equivalent under all circumstances and in all connections of the words "going into and going out of." It is to be particularly noticed in the present case that the several premises were leased for use as dwellings, that all the houses are located at some distance from any public road, and that the only way of reaching them from any public road without passing over exclusively private property, is by these private ways. While the terms of such a grant are not to be enlarged by construction so as to include a use plainly intended to be excluded, a construction which would prevent the beneficial use by the lessees of the premises in the manner and for the purpose specified in the leases is not to be adopted unless such construction is unavoidable. To hold that the tenants have only the right to move over the ways on foot or by vehicle, and are restricted by their covenants from conveying their households goods and supplies over them, would deprive them of the beneficial use of the premises as dwelling houses. The words ingress, egress and regress are frequently used in leases to express the right of the lessee to enter, go upon and return from the lands in question: Bouvier's Law Dictionary (Rawle's ed.), 1036. Where a way is provided for use by a tenant as a means of ingress and egress to and from premises

leased as a dwelling house, and there is no other means of ingress and egress, it requires no enlargement of the commonly accepted meaning of the words, when used to define a lessee's right, to hold that the right of ingress and egress includes the right to bring his household goods and supplies to the premises. And in the absence of plainly restrictive words this right of ingress and egress includes his right to have them delivered to him by the person from whom he may have bought them. If the tenants of the premises in question did not have this right, there is no point at which we could stop short of holding that they did not have the right to employ a drayman to haul their goods to and from the premises or to call to the premises a physician in case of sickness, or an undertaker in case of death. These and other illustrations that suggest themselves show the unreasonableness of attaching to the words "ingress and egress" the narrowest meaning possible, and the necessity of considering them in the light of the subject-matter, the relation of the parties, the situation of their respective tenements and the purposes for which the ways were provided and the premises were leased. Thus considered, we conclude that the use of the ways by the defendant for the purpose of delivering to the leased premises, to which they were appurtenant, goods bought by the tenants and ordered to be so delivered was not a trespass or a violation of the act.

The case presents the further question of the right of a vender of goods to drive upon the ways for the purpose of soliciting from the tenants orders for goods, it not being shown that he was invited by the tenants or owner to enter upon the land for that purpose. It has not been made clear that a restriction of a private way which would exclude entry upon the land for such purpose would be invalid upon any ground of public policy, nor can we see that its unreasonableness is apparent. The owner of land is under no legal obligation to provide access to the leased premises for that purpose, and we can conceive of cases where it might be to the interest and convenience of the lessees to have such use of the ways excluded. At any rate, the right of the lessee to accept a lease of the premises with such restriction of the private way must be conceded, and if he has

done so, it is impossible to see upon what principle an entry on the land in opposition to the restriction, without the permission or invitation of either the owner or tenant, and with actual notice of the owner's objection can be legally justified.

But it may be said that as the defendant entered lawfully to deliver goods that had been ordered by tenants, his entry did not become unlawful by reason of his soliciting orders. This would be so, if he confined his use of the ways to the soliciting of orders from the same tenants at the same time that he delivered the goods previously ordered; in other words, the mere soliciting of orders was not a trespass. But an entry on one of the ways for the purpose of delivering goods to one tenant would not justify or excuse the use of all the ways or the remoter part of the same way for the purpose of soliciting orders from other tenants: Shiffer v. Broadhead, 126 Pa. 260; Irwin v. Patchen, 164 Pa. 51; Truby v. American Natural Gas Co., 38 Pa. Superior Ct. 166. The agreement as to facts admits the company's ownership of the land, the posting of notices as required by the act of 1905, and the defendant's entry upon the land. The only legal justification for his admitted entry without invitation or permission of the owner is the implied invitation of the tenants to deliver goods that they had ordered. But having admitted that he also traveled over the roads for the additional purpose of soliciting orders, the question arises whether we ought to presume that that was at the same time and only to the same extent that was required in delivering the goods ordered. We are of opinion that this is not to be presumed. If it was a fact, the importance of setting it forth clearly in the agreement as to facts would scarcely have escaped the attention of counsel. A legitimate and, we think, the more natural inference to be drawn from what is set forth is that the uses of the roads for the two purposes were not coincident in every particular.

The case stated contains this agreement: "That all errors of process and proceedings and form of action are hereby waived and the case as stated is submitted to the court to determine whether the facts as above set forth constitute a violation of the Act of Assembly of April 14, 1905, P. L. 169." In view of this express agreement, and the absence of reference in the paper-

book to the question whether the appeal should have been taken to the quarter sessions instead of to the common pleas, we do not feel called upon to discuss the question.

The judgment is affirmed.