# Burford *v.* Richards, Appellant (No. 2).

*Malicious prosecution—Injury to business—Damages.*

1. In an action of trespass where damages are claimed, not only for malicious prosecution and false imprisonment, but also for interference with the plaintiff's business, the court may disallow the claim for malicious prosecution and false imprisonment, and permit a recovery for damages resulting from injuries to plaintiff's business.

2. In such a case it is reversible error for the trial court to allow the plaintiff in showing the damage to his business to prove the amount of business at another plant similar in character and smaller, situated in the same neighborhood, where it appears that the plaintiff had a limited right of entry only in the plant involved in the case, but had an unlimited right of entry in the other plant.

*Trespass—Parties—Joinder of parties.*

3. In an action of trespass against six defendants, a verdict and judgment against three may be sustained, where conspiracy is charged, although not proved, but there is proof of an actual wrong by the three defendants against whom the verdict and judgment was rendered.

Argued April 20, 1914. Appeal, No. 130, April T., 1914, by defendant, from judgment of C. P. Fayette Co., March T., 1911, No. 437, on verdict for plaintiff in case of Isaac H. Burford v. John M. Richards et al., Surviving Heirs and Trustees under will of W. J. Rainey, deceased, doing business as W. J. Rainey. · Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Trespass to recover damages for malicious prosecution and false imprisonment, and also for injuries to plaintiff's business. Before VAN SWEARINGEN, J.

From the record it appeared that, the statement of claim charged conspiracy, and that the action was based upon an alleged unlawful arrest of the plaintiff for entering a coke plant after the property had been posted under the Act of April 14, 1905, P. L. 169. See Burford v. Richards, ante, p. 8; Com. v. Burford, 38 Pa. Superior Ct. 201.

When the plaintiff was on the stand he was asked this question:

"Q. Now, Mr. Burford, did you do business at the Revere plant of the Rainey people for any length of time before you were interfered with?   In other words, how long had you been doing business at the Revere plant before the interference of which you complain began? A. I was interfered with the first time I went there.   I did not do any business before I was interfered with. Q. Taking into consideration in addition to· what you have stated as the basis on which you would estimate this loss, if you did not include that in your estimate, the cost of the goods, the cost of delivery and all the items which would go to make up actual profit to you in your business, state what was the loss during the six years immediately preceding the beginning of this action on February 22, 1911, only calculating in the loss such matters as you suffered because of interference on the part of any one or more of the defendants testified to?"

Mr. Higbee: The question is objected to by the defendants for reasons following: First, that it is admitted by this witness that he never had any business at the coke works in question prior to the time that his operations in· that respect were not interfered with and any comparison that he may make must be only with a works where there was no interference and such comparison must be and would naturally be conjectural and speculative and that he never had an uninterfered with operation at Revere.   Second, that the standard or measure of proof proposed in the question is necessarily speculative and conjectural.   Third, that it is an attempt to recover loss of profit on a supposed volume of business which cannot be established and is not proper to be established by any legal standard.   Fourth, that the comparison between the Revere plant and any other works involves many question among which may be mentioned the character and need of the people,

their disposition to deal with the plaintiff, the regularity of the operation of the works and many such other matters. Fifth, and generally as incompetent and irrelevant. Q. I take it, Mr. Burford, you would make a comparison with a plant in which you were permitted to do business without interference? A. To make it plain I don't know how I could do it then without adding a work or two more to make this plant—— Q. In order to get the matter plain before the court, I will ask you to state what you will take into consideration and all the things you would take into consideration in making your comparison including the plant with which you would take the comparison? A. The thing is this, I would make my comparison with a works I started to work at the same time I did with the other, it would make no difference whether I was interfered with or not, I started them at the same year. Q. Then your comparison would be with a plant which you began your business at the same time you began your business at the Revere plant of the Raineys and was not interfered with at the other plant? A. In the same year. Q. In making that comparison what would be the location of the plant. A. Out on the same road, not of the same company, different companies. Q. In making that estimate would you include every item that goes toward making a profit in your business, that is the cost of your goods, the cost of delivery, the volume of goods and the percentage of profit. A. I would count it down five per cent lower than that. Q. Would you take these things into consideration in making your estimate? A. Yes."

The Court: We realize that this proof may be very close but we believe at this time the offer is competent. The objection is overruled. Exception to defendant. [7]

Defendant presented these points:

4. That under all the evidence the verdict must be for the defendants. *Answer:* Refused. [2]

2. That the plaintiff can recover in this case as the

issue is now made up by the pleadings, only by proving to the satisfaction of the jury a conspiracy amongst the defendants or two or more of them. *Answer:* Refused. [3]

1. That the cause of action sued upon and set forth in the declaration is a conspiracy. *Answer:* Refused. [4]

10. That the entry of the said Burford on the premises in question for any other purpose than the delivery of merchandise for which he had previously taken orders, was and is unlawful. *Answer:* Refused. He might take new orders from the persons to whom he delivered the goods. [5]

11. That the attempt of the said Burford to enter on the said premises for the purpose of delivering goods, orders for a large part of which had been taken by him when unlawfully on the premises, and with the intention and for the purpose of taking other orders while delivering such goods from any person or persons who might see fit to give them, is and was unlawful. *Answer:* Refused. [6]

*H. S. Dumbauld,* for appellee.—Malicious injury to a person's business is actionable. An injury to the business of another is malicious and actionable if done intentionally and without legal excuse: Barr v. Essex Trades Council, 30 Atl. Repr. 881; Doremus v. Hennessy, 43 L. R. A. (Old Series) 797; Purvis v. United Brotherhood, 214 Pa. 348; Arbour v. Pittsburg P. T. Assn., 44 Pa. Superior Ct. 240.

If plaintiff has succeeded in showing to a certainty that he lost profits by reason of the illegal interference of defendants, then the amount of such loss is to be measured by the jury, taking into consideration all the conditions, circumstances and facts which will enable them to intelligently measure the loss in dollars and cents: Blagen v. Thompson, 23 Ore. 239; Allison v. Chandler, 11 Mich. 542; Hartman v. Pittsburg Incline Plane Co., 159 Pa. 442.

The allegata and probata in such cannot be said to

disagree when there is evidence produced that any one of the defendants has committed an act which is actionable when committed by one person alone: Laverty v. Vanarsdale, 65 Pa. 507; Collins v. Cronin, 117 Pa. 35; Rundell v. Kalbfus & Jones, 125 Pa. 123; Van Horn v. Van Horn, 20 Atl. Repr. 485.

Verdict and judgment for plaintiff for $449.57. Defendant appealed.

*Errors assigned* among others were (2–6) above instructions, quoting them, and (7) ruling on evidence, quoting the bill of exceptions.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* with him *J. G. Carroll,* for appellants.—The record discloses that the injuries of which the plaintiff complains, and for which he was allowed to recover, resulted from certain acts committed by the defendants in the exercise of their own rights and not for the purpose of obstructing the rights of the plaintiff. The plaintiff did not have any right to enter upon the lands of the defendants for the purposes for which he entered, nor did he have a right to make such entry for the transaction of his business in the manner asserted by him. An entry for a purpose in part unlawful, is not lawful: Com. v. Shapiro, 41 Pa. Superior Ct. 96; Com. v. Burford, 38 Pa. Superior Ct. 201.

The injuries of which plaintiff complains, for which he was permitted to recover, do not constitute a right of action: Penna. R. R. Co. v. Marchant, 119 Pa. 541; Allen v. Flood, 1898 Appeal Cases, 1.

The evidence did not furnish sufficient data concerning the nature and extent of the plaintiff's business and the interference therewith and injury thereto, to afford a basis for the application of any known measure of damages, and the evidence disclosed no adequate measure of damages to determine the amount of such injury, if any: Brigham v. Carlisle, 78 Ala. 243; Wilson v. Wernwag, 217 Pa. 82; Hillsdale Coal & Coke Co. v.

Penna. R. R. Co., 229 Pa. 61; Clyde Coal Co. v. Pittsburg & Lake Erie R. R. Co., 226 Pa. 391.

The defendants were improperly joined in this action and the verdict and judgment against three of them cannot be sustained: Laverty v. Vanarsdale, 65 Pa. 507; Wiest v. Electric Traction Co., 200 Pa. 148; Dutton v. Lansdowne Boro., 198 Pa. 563; Hart v. Allegheny County Light Co., 201 Pa. 234; Rowland v. Philadelphia, 202 Pa. 50; Minnich v. Electric Ry. Co., 203 Pa. 632; Goodman v. Coal Twp., 206 Pa. 621; Sturzebecker v. Inland Traction Co., 211 Pa. 156; Savings Deposit Bank v. Reynier, 41 Pa. Superior Ct. 1; Dempsey v. Devers, 43 Pa. Superior Ct. 193.

OPINION BY TREXLER, J., July 15, 1914:

We will consider the case as presented under the several divisions of the appellants' paper-book, the points raised covering all the assignments.

1. The court although disallowing the plaintiff's claim for damages for malicious prosecution and false imprisonment, allowed recovery on the theory that the defendants had without right interfered with the plaintiff's business and that their agent and employees harmed the plaintiff. We find no error in this. Claims for malicious prosecution and false imprisonment are different in many aspects, especially as to the items of damages, from the ordinary action of trespass for interfering unlawfully with a man's business, and the exclusion by the court of the former did not preclude the plaintiff from recovery for the latter.

2. We need not discuss the second position urged by the defendants that the plaintiff had no right to enter upon the lands of the defendants for the purpose for which he entered. His right on the premises is set out in the opinion of RICE, P. J., in Com. v. Shapiro, 41 Pa. Super. Ct. 96. The court referred to that case in his charge and defined plaintiff's rights in the matter. More was not required.

3. The fourth objection urged, being the seventh assignment by the defendants, is more serious and we think requires a reversal. The court below allowed the plaintiff in showing the damages to his business to prove the amount of business he did at another plant of similar character situated a little farther up on the same road on which the plant of the defendants is located, the latter plant being somewhat smaller. Basing the business which he believed he would have done at the defendants' plant by comparison with the other plant, he arrived at the amount of his damages, which were given as a lump sum. The learned trial judge expressed doubts as to the admission of this proof. We think it was clearly incompetent.

The general rule is that the profits are not excluded simply because they are profits, but that they may be recovered. The evidence must establish the amount with a reasonable degree of certainty. Although in torts greater latitude is allowed to the jury in the assessment of damages than is allowed in actions of contract, they must be damages which ordinarily and in the natural course of things have resulted from the commission of the wrongful act: Hillsdale Coal & Coke Co. v. Penna. R. R. Co., 229 Pa. 61.

In the defendants' coke property the plaintiff has a limited right of entry clearly set forth in Com. v. Shapiro, 41 Pa. Super. Ct. 96. The use of the ways on the coke property for the purpose of delivering to the tenants goods bought by the tenants or ordered to be so delivered, was lawful, and furthermore when he was thus lawfully upon the premises the mere soliciting orders from the same tenants would not constitute trespass, but the delivering of the goods lawfully to a tenant would not justify the use of all the ways or the remaining part of the same way for the purpose of soliciting orders from other tenants. How could there be any comparison between the amount of business which might have been obtained through an entry

upon the defendants' lands under such limited right and the business which resulted from the free and unrestricted entry upon another coke plant? There can certainly be no legitimate basis of comparison. There are other elements entering into the comparison which counsel have pointed out and to which we might refer, but the above statement alone, we think, shows that any result arrived at by the jury upon such testimony would be mere guesswork, and would be without any substantial foundation.

4. The last objection made by the defendants is that they were improperly joined and that there having been six defendants a verdict and judgment rendered against only three of them, cannot be sustained: citing Wiest v. Elec. Traction Co., 200 Pa. 148, and the cases following that decision. It appears, however, that an exception to the general rule exists where conspiracy is charged and that on failure to prove the conspiracy, if there be proof of an actionable wrong by any two or more of the defendants there may be recovery against such as were guilty of the tort.

In Laverty v. Vanarsdale, 65 Pa. 507, we find, "This is an action upon the case, in the nature of a conspiracy against the defendants (ten in number), for falsely and maliciously combining and conspiring to prevent the plaintiff from obtaining employment as a school teacher, and by reason of which combination and conspiracy he was deprived of employment as a school teacher, and prevented from earning support for himself and family as such." The damages sustained by the plaintiff is the ground of the action not the conspiracy. "Where the action is brought against two or more, as concerned in the wrong done, it is necessary in order to recover against all of them, to prove a combination or joint act of all. For this purpose it may be important to establish the allegation of a conspiracy. But if it turn out on the trial that only one was concerned, the plaintiff may still recover, the same as if such one had been

sued alone. The conspiracy or combination is nothing, so far as sustaining the action goes, the foundation of it being the actual damage done to the party."

In Collins v. Cronin, 117 Pa. 35, Justice PAXSON quoting the above case of Laverty v. Vanarsdale says, "This is perfectly good law." Fillman v. Ryon, 168 Pa. 484, is to the same effect.

This distinction is recognized in Wiest v. Traction Co., 200 Pa. 155, and as stated in the case of James v. Evans, 149 Fed. Repr. 136, by BRADFORD, J., referring to Weist v. Traction Co., "The court evidently intended, without overruling or questioning them, to distinguish its decisions in actions for conspiracy from the case of negligence then under consideration, for it said: 'Laverty v. Vanarsdale, 65 Pa. 509,' was an action of conspiracy and that decision is referable to that class of cases: Collins v. Cronin, 117 Pa. 35; Rundell v. Kalbfus, 125 Pa. 123, and Fillman v. Ryon, 168 Pa. 484, are similar in character."

The distinction has been maintained through a long line of cases and we, therefore, are constrained to hold that the last point urged by the appellant cannot be maintained. We might further add that the cases of Wiest v. Traction Co., 200 Pa. 148, and Sturzebecker v. Inland Traction Co., 211 Pa. 156 do not prevent a re-covery against two or more joint tort feasors although the action fails as to some.

The assignments of error are all overruled excepting the seventh which is sustained. The judgment is re-versed and a venire facias de novo awarded.