## Keystone Mausoleum Co. v. Salzman, Appellant.

*Contracts—Agreement to purchase crypt in mausoleum—Failure to meet specifications—Advertisements in newspapers—Fraud—Evidence—Admissibility.*

Advertisements, in a newspaper, of the nature and character of a mausoleum to be erected, are admissible in evidence, on a trial of an action for the payment of the purchase price of certain crypts in said building, where there is evidence that the defendant had read the advertisements, and allegation that he relied upon them when he entered into a contract.

A misstatement made by advertisement and by descriptive circulars is evidence of fraud in an action on a contract, where the defense is that the subscription was obtained through fraudulent misrepresentation.

Where it is alleged that the agent taking the subscription represented that the building was to be constructed of "solid granite, marble and bronze" and it subsequently appeared that concrete was extensively employed, and that instead of a building constructed of

438 KEYSTONE MAUSOLEUM CO. *v.* SALZMAN, Appel.

these materials they were largely used as veneer; and in support of his contention, the defendant seeks to introduce an advertisement inserted by the plaintiff in the local newspapers in which it is stated that the building was to be constructed of such materials, such advertisement, if relied upon by plaintiff, is admissible as proof of the fraudulent procurement of the contract, and is also corroborative of the testimony that the agent had made similar statements.

Argued April 17, 1919. Appeal, No. 80, April T., 1919, by defendant, from judgment of C. P. Venango County, April T., 1914, No. 47, on verdict for plaintiff in case of Keystone Mausoleum Company v. Emma F. Salzman, Executrix of the Last Will and Testament of Albert Salzman, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Assumpsit on written contract. Before CRISWELL, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for the plaintiff for $622.08 and judgment was entered thereon. Defendant appealed.

At the trial the defendant made the following offer:

By Mr. Breene: (Not in the hearing of the jury.): I want to get on the record what I am offering. That portion of the advertisement which was desired to be offered by the defendant read as follows: "The building to be erected here will be of solid granite with the interior finished in polished marble and bronze."

By Mr Breene: We offer in evidence the same advertisement relative to the same portion that was read into the record as contained in the Oil City Blizzard under date of Wednesday, June twenty-fifth, 1913, by the same plaintiff, and headed "To the Public."

By Mr. Carmichael: That is objected to.

By the Court: The objection is sustained.
(Exception noted and bill sealed for the defendant.)

*Error assigned,* among others, were the refusal of the court to allow the offer of the defendant in reference to the advertisement appearing in local newspapers, quoting bill of exceptions, and in directing a verdict for the plaintiff.

*Edmond C. Breene,* and with him *John M. McGill,* for appellant.—The newspaper advertisements were competent evidence of alleged fraud, under the offer: Land & Imp. Co. v. Mendenhall, 4 Pa. Superior Ct. 398; Montgomery Web Co. v. Dienelt, 133 Pa. 585; Braunschweiger v. Waits, 179 Pa. 47; Gordon v. Great A. & P. Tea Co., 243 Pa. 336; Sulkin v. Gilbert, 218 Pa. 255.

*James S. Carmichael,* and with him *Elisha W. Criswell,* for appellee.—The defendant was bound by the contract of subscription: Thompson v. Schoch, 254 Pa. 590; Hoffman v. Bloomsburg & Sullivan R. R. Co., 157 Pa. 174; Williamson v. Carpenter, 205 Pa. 164; Fuller v. Law, 207 Pa. 101; Highlands v. Phila. & R. R. R. Co., 209 Pa. 286; Gandy v. Weckerly, 220 Pa. 285; Faux v. Filter, 232 Pa. 33; Quinter v. Quinter, 261 Pa. 195.

OPINION BY TREXLER, J., July 17, 1919:

The defendant's testator entered into a written agreement to purchase ten crypts in a mausoleum to be erected in Grove Hill cemetery, "plans and specifications of which are now on file with the cemetery trustees." A demand for payment is met with an allegation of fraud in the procurement of the contract. It is alleged that the agent taking the subscription represented that the building was to be constructed of "solid granite, marble and bronze" and that subsequently it appeared that concrete was extensively employed, and that instead of a building constructed of these materials they were largely used

merely as veneers. In support of his contention, the defendant sought to introduce an advertisement inserted by the plaintiff in the local newspapers in which it is stated that the building was to be constructed of "solid granite walls, bronze doors, solid granite columns, absolutely sanitary, no putrefaction, no decomposition."

The court excluded this offer, it does not appear on the minutes for what reason as the objection was general but in the argument it is stated that the court regarded these advertisements as mere "puffing." We all think this was error. If these statements had been made directly to the defendant we do not think that there would be any doubt that they should have been admitted. As he had read the advertisement, why should he not be entitled to rely upon them as much as upon mere verbal statements. Had these words been inserted in a circular or catalogue, would they not have been admissible? They were not mere words of commendation, not mere expression of opinion but a statement of facts. A misstatement made by advertisement and by descriptive circulars is evidence of fraud in an action of deceit: Griswold v. Gebbie, 126 Pa. 353. See also Land & Improvement Co. v. Mendinhall, 4 Pa. Superior Ct. 398. A warranty may be predicated of statements contained in advertisements relating to goods; 35 Cyc. 385 and cases cited. The advertisement in question if relied upon by the plaintiff would be proof of the fraudulent procurement of the contract and would also be corroborative of the testimony that the agent had made similar statements.

As the case goes back for retrial we refrain from comment as to whether the testimony admitted at the trial was sufficient to require the case to go to the jury. We cannot anticipate how matters will appear at the retrial, as the quantum and quality of proof may not be the same.

The judgment is reversed and a venire facias de novo awarded.