## Lyndall, Appellant, v. Fidelity Storage and Warehouse Company.

*Contracts—Storage contracts—Storage of goods—Loss by fire—Fireproof buildings—Misrepresentations—Storage receipts produced after a fire.*

In an action of assumpsit to recover for the destruction by fire of goods stored with defendant, it appeared that the defendant advertised that its buildings were fireproof; that it owned two warehouses, one of which was of fireproof construction and the other was not; and that plaintiff, relying on the statements contained in the advertisements, stored goods with defendant. It further appeared that the goods were stored in defendant's non-fireproof building, which was destroyed by fire. After the fire, the plaintiff accepted in writing a storage receipt, which provided for storage in a non-fireproof building.

Under such circumstances plaintiff's written acceptance of the storage receipt did not constitute the contract itself as, at the time it was accepted, the subject of contract was not in existence. The plaintiff was therefore not precluded from showing that the oral contract of storage actually entered into did not accord with the provisions contained in the written receipt produced after the fire.

Argued November 11, 1925. Appeal No. 249, October T., 1925, by plaintiff, from judgment of C. P. No. 3 Philadelphia County, June T., 1922, No. 770, in the case of John N. Lyndall v. Fidelity Storage and Warehouse Company, a corporation. Before ORLADY, PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit to recover the value of goods destroyed by fire. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2310. The court subsequently, on motion, entered judgment non obstante veredicto in favor of the defendant. Plaintiff appealed.

*Error assigned* was the granting of defendant's motion for judgment non obstante veredicto.

*Francis Shunk Brown,* and with him *Louis DuHadway,* for appellant.—The contract was oral: Lincoln v. Wright, 23 Pa. 76; Lennig's Estate, 182 Pa. 485; Holmes v. Cameron, 267 Pa. 90.

The contract being oral, the case was for the jury: Nolle v. Mutual Union Brewing Co., 264 Pa. 543; Vandervort v. Wheeling Steel & Iron Co., 194 Pa. 126; Second National Bank v. Hoffman, 229 Pa. 433; Anderson v. Railway Co., 251 Pa. 522; Davis v. Carroll-Porter B. & T. Co., 276 Pa. 74; Fuller v. Stewart Coal, 268 Pa. 328.

*Chester N. Farr, Jr.,* and with him *McIlhenny* and *Lamberton,* for appellee.

OPINION BY KELLER, J., February 26, 1926:

In this action of assumpsit the plaintiff recovered a verdict. The court subsequently entered judgment for the defendant non obstante veredicto. In considering the case all the evidence and inferences therefrom favorable to plaintiff must be taken as true, and all unfavorable to him, depending solely upon testimony, must be rejected: Fuller v. Stewart Coal Co., 268 Pa. 328. In this light we state the facts of the case.

The defendant is in the storage warehouse business in the City of Philadelphia. It maintains its warehouse at 1811-1819 Market Street, composed, at the most, of two buildings, a twelve-story brick building

numbered 1811-1813, and immediately adjoining it a six-story brick building numbered 1815-17-19. On the tall building it has a large sign: "Fireproof storage." Its trucks have painted on their sides, "Fireproof warehouses." It advertises "Fireproof storage" in the telephone directory. It issues calendars bearing the following advertisement: "Always Reliable. Fidelity Fireproof Storage Warehouses. Nos. 1811-13-15-17-19 Market Street, Philadelphia," and blotters on which are printed: "Fidelity Storage & Warehouse Company, 1811-19 Market Street, Philadelphia, Pa. Storage for household goods in its splendid Fireproof Buildings."

The plaintiff, a newly arrived resident of the City, saw defendant's sign, trucks, calendars, blotters and telephone directory advertisement, and relying on the statements therein contained that its warehouses 1811-13-15-17-19 Market Street were fireproof buildings called at defendant's office and arranged for the storage of his household goods which were arriving by freight, and paid the charges demanded. There was nothing said to him at the time that only one of the buildings was fireproof; no sign or other medium apprised him or the public that the other building was not fireproof; no information was vouchsafed to him that the defendant dealt in two kinds of storage, fireproof and non-fireproof. On the contrary, the misleading advertisements above referred to were repeated in the printed heading of the bill rendered him for his first month's storage, as follows: "Storage Accounts Due Monthly—Hauling and freight charges positively cash. Fidelity Storage & Warehouse Co. Fire Proof Buildings. 'It has no Equal'. 1811-13-15-17-19 Market Street, Philadelphia."

As a matter of fact one of said buildings was of fireproof construction and the other was not. Plaintiff's goods were stored in the non-fireproof building and

goods and building were destroyed by fire. He brought this action to recover his loss.

Defendant admitted responsibility for the erection of the sign, and for the advertisements on the trucks, calendars, blotters and directories. They were properly admitted in evidence: Keystone Mausoleum Co. v. Salzman, 72 Pa. Superior Ct. 437. We think the jury were fully justified in finding that defendant represented to the public that both its buildings were of fireproof construction. Bearing in mind that it had at the most but two buildings or warehouses, its advertisements drawing attention to its "Fire proof warehouses"; "Fidelity Fire Proof Storage Warehouses—Nos. 1811-13-15-17-19 Market Street"; "Storage for household goods in its splendid Fire Proof Buildings," could have no other reasonable construction. They could have no other purpose and were of such a character as to lead the public, including this plaintiff, into believing that both buildings, 1815-17-19 as well as 1811-13, were fireproof; that the storage contracted for was free of fire risk; and justified plaintiff's action for damages: Hickey v. Morrell, 102 N. Y. 454, 7 N. E. 321; Dietz v. Yetter, 54 N. Y. Supp. 258; Gruel v. Yetter, 55 N. Y. Supp. 443, affirmed 58 N. Y. Supp. 373; Hatchett v. Gibson, 13 Ala. 587; Locke v. Wiley, 81 Kansas 143, 105 Pac. 11.

The learned court below entered judgment non obstante veredicto on the ground that plaintiff was bound by his written acceptance of the storage receipt produced by defendant, which provided for storage in a building of non-fireproof construction. The receipt was not produced nor the acceptance signed until nine days after the fire, when the goods, the subject of contract, were no longer in existence. It was not given, sent or shown the plaintiff when the goods were put into storage nor even two weeks later when he went to the warehouse to withdraw some of the goods. The re-

ceipt might have been prepared after the fire occurred; the trial judge in his charge mentioned that as a possibility and the jury probably adopted that theory. If such was the case the receipt, in connection with plaintiff's written acceptance of it, was evidence of the terms and conditions of the contract entered into between the parties, to be considered by the jury in connection with the other evidence in the case; but it did not constitute the contract itself, so as to conclude the plaintiff; because at the time it was produced and the acceptance signed the subject of contract was not in existence. No valid contract can be entered into for the storage of something which has been burned and is no longer in existence. Notwithstanding the plaintiff's signature to the paper acknowledging the terms of the receipt and schedule of goods—(which schedule it was necessary for him to have in order to prove defendant's receipt of the goods stored by him)—he was not concluded from showing that in truth and fact the oral contract of storage actually entered into did not accord with provisions contained in the written receipt produced after the fire.

In our view of the case the court below erred in entering judgment non obstante veredicto and the assignment of error must be sustained.

It appears from the record, however, that defendant's motion for a new trial has not been disposed of. Following the rule laid down by the Supreme Court in Duffy v. York Haven W. & P. Co., 233 Pa. 107, 114, we will not direct judgment to be entered on the verdict but will reverse the judgment of the court below and award a procedendo, so that the court may consider and dispose of the pending motion for a new trial.

The judgment is reversed with a procedendo.