## Wolf v. Buffalo House Wrecking and Salvage Company.

*New trial—Negligence—Evidence—Trespasser.*

1. Where, in an action of trespass to recover damages for the loss of a building by fire, it was undisputed that defendants had a right to enter the building solely for the purpose of removing their cars, tools, etc., the court did not err in charging "that while defendants had a right to remove their property, they had no right to use an acetylene torch in the building or to live in the building and put cots in there. All that the deed permitted them to do was to remove their tools and cars."

2. Where one enters upon property for a certain purpose by the terms of an agreement and exceeds the authority reserved in the agreement to the extent that he exceeds such authority, he is a trespasser.

3. In such case, the law does not require proof by direct evidence that the fire was caused in a particular way, but it is necessary to establish, by circumstantial or direct evidence, not only that it could come from the cause assigned, but that that was the probable and natural cause, and that defendant's acts or omissions were the origin of it.

Trespass for loss of building by fire. Rule for new trial and judgment *n. o. v.* C. P. Erie Co., Sept. T., 1925, No. 15.

*Enoch C. Filer*, for plaintiff; *Marsh & Eaton*, for defendants.

ROSSITER, P. J., April 27, 1927.—This was an action in trespass brought by the plaintiff to recover damages for the loss of a building by fire. The case was tried before and submitted to a jury, who rendered a verdict in favor of the plaintiff for $4500, whereupon the defendant made motions for a new trial and for judgment *n. o. v.*, and, in support of the motion for a new trial, assigned the following reasons:

1. The verdict was against the weight of the evidence and excessive in amount.

2. There was not sufficient evidence upon which the jury could find a verdict in favor of the plaintiff.

3. The court erred in its charge to the jury.

4. The court erred in charging the jury to the effect that the defendants were trespassers upon the property of the plaintiff.

5. The court erred in its charge to the jury, in that the jury might assume or guess that the fire was the result of the acts of the defendants.

6. The court erred in not affirming defendants' first, second, third, fourth, fifth, sixth and seventh points without reservation.

### Additional reasons.

1. The learned court erred in charging the jury that "under the pleadings in this case, that while they (defendants) had the right to remove their property, they had no right to use an acetylene torch in the building."

2. The learned court erred in its charge to the jury in charging that, "if they (defendants) exceeded their authority, and, under the evidence here, they did exceed their authority, in going into that building and wrecking those cars—and if they were in there without authority, they were trespassers."

As to the motion for judgment *n. o. v.*, to quote the oft-repeated rule: On motion for judgment *n. o. v.*, the court will consider all the evidence and inferences therefrom favorable to the plaintiff as true, and will reject all unfavorable to him depending solely upon testimony: Lyndall *v.* Fidelity Storage and Warehouse Co., 87 Pa. Superior Ct. 344. In this case, the evidence and inferences therefrom favorable to the plaintiff were that defendant's employees used an acetylene torch, which set fire to a car, which communicated the fire to the building. There were no inference unfavorable to plaintiff whatever, as the uncontradicted evidence was that defendant's employees had been warned not to have a fire in that building, as there was no insurance upon it; yet, despite the warning, the evidence was that they built fires in the building, stored acetylene tanks therein, slept there, ate there, used an acetylene torch in the building which produced a flame hot enough to melt iron, and there was no evidence that there was any other fire there or anywhere near there.

This disposes of the motion for judgment *n. o. v.*

To take up, then, the reasons for a new trial *seriatim*, it may be said that the verdict was not against the weight of the evidence, nor was the verdict excessive; but, on the contrary, the verdict was clearly warranted by the weight of the evidence, and, instead of being excessive, it was for a far less amount than the evidence warranted.

The court did not err in charging the jury to the effect that the defendants were trespassers, as the evidence establishes that they were trespassers, and the evidence to establish that fact was undisputed. The defendants had a right under the deed to enter the building and remove their cars, but they had no right to enter for all purposes. The rights they had were solely for the purpose of removing their cars, tools, etc., under the agreement. Under the agreement, they had a right to do this, but nothing more; and when they built fires in the building, used an acetylene torch, melted the iron on the cars, and burned and dismantled them in the building, they clearly exceeded the rights that were reserved in the deed and became trespassers: Shiffer *v.* Broadhead, 126 Pa. 260; Truby *v.* American Natural Gas Co., 38 Pa. Superior Ct. 166. By the very terms of the agreement, their right to enter was restricted to a certain purpose. Upon this point the court instructed the jury "that, while defendants had a right to remove their property, they had no

Wolf *v.* Buffalo House Wrecking and Salvage Company.

right to use an acetylene torch in the building or to live in the building and put cots in there. All that the deed permitted them to do was to remove their tools and cars. However, notwithstanding the fact that they had no right to do these things, nevertheless, if their doing was not the cause of the fire, then they would not be liable."

As to the fifth reason for a new trial, viz., that the court permitted the jury to guess that the fire was the result of the acts of the defendants, we said, paraphrasing the language of Justice Kephart, in Propert *v.* Flanaigan, 277 Pa. 145: "You will observe that there is no witness here, so far as the plaintiff is concerned, who testified to positive knowledge of how this fire started; and, while there is no positive testimony as to how this fire started, we say to you that the law is this, that the law does not require proof by direct evidence that the fire was caused in a particular way, but it is necessary to establish not only that it could come from the cause assigned, but that that was the probable and natural cause, and this may be shown by circumstantial as well as direct evidence. If there are other causes present from which a fire might have originated, the plaintiff must show that defendant's acts or omissions produced the injury; the other possible causes must be eliminated." This comported to the latest pronouncement of the Supreme Court called to our attention.

As to the defendant's first, second, third, fourth, fifth and seventh points, the first point was affirmed as follows: "Affirmed, as already explained." That the fact that there had been a fire raised no presumption of negligence had been fully explained in the fore part of the charge. And the same applies to the answer to the second point. The third and fourth points were affirmed unqualifiedly. The fifth point was affirmed, as had been previously explained, with the further explanation: "Bearing in mind that you are not confined to direct and positive evidence of negligence, but that negligence may be found from circumstantial evidence if all other causes are eliminated." Clearly this is a correct statement of the law. The sixth was answered as follows: "You must find that, if you find for the plaintiff: affirmed." The seventh point was affirmed without qualification. We find no error in any of these answers.

As to the "additional reasons," as we have already said, we see no error in the instructions given, for the evidence clearly demonstrated that, while the defendants had the right to remove their property, they had no right to dismantle it or use an acetylene torch within the building, and if they did exceed the authority reserved to them in the deed, then, to just the extent that they exceeded their authority, they were trespassers, and the instructions given on that subject to us now, after examination of the decisions, seem to be correct.

After careful consideration of this case, we are of the opinion that there was but one error in it (that is not being complained of by the plaintiff), nor has it been assigned as reason for a new trial, and that is, that this verdict was grossly inadequate, for, under the testimony, the building destroyed was worth far in excess of the amount of the verdict, and the jury having found the facts in favor of the plaintiff (which we do not see how they could have done otherwise), they should have assessed the damages higher. However, these observations are parenthetical, as there is no complaint, at least of record, as to the amount of the verdict.

The rules, therefore, granted Jan. 17, 1927, to show cause why a new trial should not be granted and for judgment *non obstante veredicto*, are now, April 27, 1927, discharged, and the prothonotary is directed to enter judgment on the verdict upon payment of the jury fee.

From Otto Herbst, Erie, Pa.