## Commonwealth v. Wolfe

*Edwin M. Gilbert,* for Commonwealth.
*Robert Ruppin* and *Louis C. Harnish,* for defendant.

SCHAEFFER, J., August 7, 1936.—This is an appeal from a summary conviction before an alderman for trespass under the Act of April 14, 1905, P. L. 169, sec. 1, as amended by the Act of May 23, 1923, P. L. 326. The prosecutor, John D. Easton, is the owner of certain premises in Florin, Pa., consisting of a dwelling house and public garage and the land appurtenant thereto. On April 1, 1936, he leased in writing these premises to F. F. Doerstler. The latter, as tenant, permitted his neighbor, Harold Wolfe, to drive his truck across the rear corner of the leased premises at the intersection of two public alleys. The owner, who is not in possession of the premises, objected thereto and posted the leased premises with a "no trespass" notice in accordance with the Act of 1905. The owner attempted to erect a wire fence to prevent the alleged trespass by Harold Wolfe, but was thwarted twice by Wolfe, who drove his truck over the hole dug by Easton for a fence post at the corner in dispute, and kept it there for sometime. Defendant contends that the landlord can-

not maintain this action of trespass and that a license or permission from the tenant to a third party is a complete defense, even though the landlord forbids the entry.

In Commonwealth v. Burford, 225 Pa. 93, affirming 38 Pa. Superior Ct. 201, it was decided that where the owner of land builds a number of tenement houses thereon and leases them to tenants, and the only way of access to the houses, both for the tenants and for those who have relations with them, is by private ways on the land leading to public highways, the Act of 1905 does not apply as to anyone having lawful dealings with any of the tenants, though the land is posted.

In Commonwealth, to use, v. Shapiro, 41 Pa. Superior Ct. 96, it was held that even where the lease restricts the use of the land or private way leading to the house to the lessee and the members of his family, a person who delivers goods purchased by the lessee or one who goes there to solicit orders is not a trespasser on the private way, even if the land has been posted. At page 99 of the opinion it is said:

"If in the absence of the tenant's permission the use of the way by the third person against the objection of the owner of the land would have been a trespass, the tenant's invitation or permission which he had no right to give would not make that act of the third person any the less an unauthorized entry upon the land of the owner."

F. F. Doerstler, the tenant of the premises in the instant case, cannot create a license or right in the nature of an easement in favor of a third person which is binding on the landlord, John D. Easton. A tenant may permit others to enter his leased premises for any legitimate purpose as guests or on business without the consent of the landlord, but such a situation does not exist in the case at bar. John D. Easton, the landlord, reserved in the written lease with F. F. Doerstler the right to enter the demised premises to make necessary repairs. The building of a new fence where none existed before is an alteration and

not a repair. Unless provided for in the lease or consented to by the tenant, the owner cannot alter the premises during the term of the lease.

Under the Act of 1905, as amended, the trespass must be wilful: Commonwealth v. Burford, supra. It must also be intentional: Commonwealth v. Wise et al., 31 Dauph. 319.

In view of the tenant's permission to defendant to use or cross a small unimproved corner of the leased premises as aforesaid, although given without authority of law and without the consent of the owner, the court finds that the trespass complained of was not wilful. However, its continued use by Harold Wolfe against the owner's wishes may be considered a wilful and intentional trespass upon posted land.

Now, August 7, 1936, the court finds defendant, Harold Wolfe, not guilty, and directs the County of Lancaster to pay the office costs, John D. Easton, prosecutor, to pay the Commonwealth's witness fees, and Harold Wolfe, defendant, to pay defendant's witness fees.

From George Ross Eshleman, Lancaster.