## Reading National Bank v. Sacks et al.

*George Eves* and *Max Fisher*, for plaintiff.

*Emanuel Weiss*, for defendant (Berkowitz).

SHANAMAN, J., Jan. 21, 1929.—This is a suit in trespass brought by a mortgagee against three individual defendants, and alleging conspiracy to despoil, and an actual waste of the mortgaged premises. One of the defendants has filed an affidavit of defense raising questions of law, and reciting sundry defects in the statement. Argument was had thereon, after which plaintiff obtained leave to amend, and has filed an amended statement.

Defendant contends:

1. That the statement fails to set forth that plaintiff is the owner or entitled to the right of immediate possession of the things removed. · Since plain-

tiff's claim is not necessarily based on ownership or right to immediate possession of them, the objection is not well taken.

2. That it fails to set forth that plaintiff made demand upon the defendants for the return of the goods and chattels, and that the defendants refused to surrender the same.

The objection is not well taken. A mortgagee damaged by a waste of the mortgaged premises is not required to demand the return of the things eloigned. The eloignment completes the cause of action.

3. That the statement fails to set forth that the goods and chattels eloigned are, by agreement or otherwise, fixtures, part of the real estate, and bound by the lien of plaintiff's mortgage.

We think the statement is sufficient in this regard.

4. It is objected that the effect of the sheriff's sale in the foreclosure proceeding was to vest all the right, title and interest in and to the eloigned goods in the purchaser at the sheriffs' sale, who is, therefore, the proper party to sue for their conversion, and that plaintiff no longer has any right to damages.

We are not impressed by this objection. The Sheriff of Berks County could not place his strong, levying hand on articles eloigned and removed to a factory in North Carolina. He could not obtain or deliver possession of them, could not subject them to the grasp of a sheriff's levy, and did not in fact do so. He sold that on which he levied, and did not sell the things on which he did not levy. "A mortgagee may maintain an action for damages against the mortgagor or his grantee for acts of waste or spoliation committed upon the mortgaged premises which have resulted in impairing the security of the mortgage or which have so impaired the value of the property that it does not realize enough on foreclosure to satisfy the mortgage:" 41 Corpus Juris, 648. "The mortgagee also has a right of action against a stranger for any act done upon the mortgaged premises which destroys or impairs the value of his security:" 41 Corpus Juris, 652. We have been shown no Pennsylvania cases which contravene these principles or which hold that the mortgagee, by a foreclosure and by a judicial sale of the mortgaged premises, is deemed to have lost his right to recover damages for the tort committed against him.

Defendant's next objection is that the statement of claim does not set forth that the defendants are joint tortfeasors, nor does it allege whether the defendants are being sued in individual, joint or representative capacity as employees or agents of the corporation. We are not impressed by this objection.

Defendant further objects that the statement of claim is vague and uncertain and does not set forth whether the basis of the claim is a conspiracy to eloign or the eloignment itself, so that the defendant is unable to ascertain which tort he will be called upon to defend. The statement of claim narrates the history of a trespass and in so doing avers the mortgage, the things mortgaged, the concerted design of the defendants to lay waste the security, their acts of spoliation in pursuance thereof and the resultant damage to the plaintiff. The time and place of the eloignment are averred. "Where the action is brought against two or more, as concerned in the wrong done, it is necessary, in order to recover against all of them, to prove a combination or joint act of all. For this purpose it may be important to establish the allegation of a conspiracy. But if it turn out on the trial that only one was concerned, the plaintiff may still recover, the same as if such one had been sued alone. The conspiracy or combination is nothing, so far as sustaining the action goes, the foundation of it being the actual damage done to the party:" Laverty v.

Vanarsdale, 65 Pa. 507, 509. "In an action against two or more, in case in the nature of a conspiracy, if the tort be actionable whether committed by one or more, recovery may be had against but one; but if the tort be actionable only when committed under an unlawful conspiracy of two or more, recovery may not be had unless the unlawful conspiracy be established:" Rundell *v.* Kalbfus, 125 Pa. 123, 131. In the instant case, the gravamen is not the conspiracy, but the waste, injurious to plaintiff. We think the allegations sufficient.

Defendant further objects that no demand has been made upon the defendants for the payment of money. One injured by a tortfeasor need not demand payment of damages before instituting suit. If demand were necessary, suit is demand.

Defendant finally contends that the statement contains no allegation of any loss suffered by the plaintiff. We think the amended statement is sufficient in that regard.

As was said by Judge Ross, in the case of Reichard *v.* Windsor Cigar Co. et al., 39 York Leg. Record, 77, 79: "To state the facts in writing upon which it is necessary to base proof at the trial, the plaintiff must be allowed a much wider latitude than is required in stating the facts in an accident case, and we apprehend that the same drastic application of the requirements of the Practice Act of 1915 should not be used upon a trespass case for conspiracy as have been applied by our courts in negligence cases."

And now, to wit, Jan. 21, 1929, defendant's affidavit of defense raising points of law is overruled and dismissed.

From Charles K. Derr, Reading, Pa.